IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-460-FL

| | |
|---|---|
| CAROLINA POWER & LIGHT COMPANY<br>d/b/a PROGRESS ENERGY CAROLINAS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | **ORDER** |

No. 5:08-CV-463-FL

CONSOLIDATION COAL COMPANY,

    Plaintiff,

v.

3M COMPANY, et al.,

    Defendants.

These cases come before the court on motion for clarification of third-party defendant Tallahassee Memorial Healthcare, Inc. ("Tallahassee Memorial"), lodged in the first case captioned above at entry number 880 and in the second at entry number 878. The motion was referred to Magistrate Judge David W. Daniel for entry of a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1), which M&R entered April 3, 2012. The magistrate judge recommends granting in part and denying in part Tallahassee Memorial's motion. No party has objected to the M&R, and the time for doing so has passed. Accordingly, the issues raised are ripe for review.

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). After carefully considering Tallahassee Memorial's motion and the magistrate judge's analysis, the court adopts in full his recommendations as to the request for clarification. Accordingly, Tallahassee Memorial's motion for clarification is **GRANTED IN PART AND DENIED IN PART**, and the court **ORDERS** as follows:

1. The stay of discovery previously entered by the court with respect to the original parties shall apply in equal force to the third-party defendants so that all discovery in these cases is now stayed in conformity with the court's November 29, 2011 order;

2. In lieu of each third-party defendant filing an answer to the third-party complaints, the court declares that each third-party defendant has denied each and every allegation and request for relief asserted against it, except those stating its name and other identifying information;

3. The standard defenses asserted in defendants' collective answer (including standard defenses and claims) to plaintiffs' second and third amended complaints and PCS Phosphate Company, Inc.'s ("PCS's") crossclaims (460 DE # 342, 463 DE # 348) are asserted by each third-party defendant against the third-party complaints;

4. The standard counterclaims asserted against plaintiffs in defendants' collective answer (including standard defenses and claims) to plaintiffs' second and third amended complaints and PCS's crossclaims are asserted by each third-party defendant against PCS;

5. PCS denies the standard counterclaims asserted by each third-party defendant, except those stating its name and other identifying information;

6. The CERCLA defenses filed by PCS on July 30, 2010 (460 DE # 343, 463 DE # 349) are asserted against the standard counterclaims asserted by each third-party defendant;

7. All other crossclaims any third-party defendant may have are reserved;

8. Each third-party defendant, if necessary, within 14 days of entry of this order, shall file an individual answer or amend its previously filed answer to the third-party complaints asserting any non-CERCLA defenses or common law claims and counterclaims specific to that particular third-party defendant or to correct the third-party defendant's name or other identifying information;

9. Third-party defendants desiring to raise the common issues asserted in Riley Power's Rule 12(b)(6) motion to dismiss, or other common issues not asserted in Riley Power's motion, shall file an omnibus motion to dismiss, within 30 days of entry of this order, in which any third-party defendant may notify the court of its joinder in Riley Power's motion to dismiss or raise new issues not asserted in Riley Power's motion. To the extent the joining parties deem it necessary, additional supplemental briefing on the common issues set forth in Riley Power's motion may be included;

10. Third-party defendants desiring to raise unique alternative grounds for dismissal, *e.g.*, personal jurisdiction or immunity, may file a supplemental motion to dismiss within 30 days of entry of this order. Any perceived need for limited jurisdictional or other discovery should be promptly brought to the court's attention;

11. No third-party defendant shall be precluded from joining in an omnibus motion to dismiss or filing a supplemental motion to dismiss due to having previously filed a response to the third-party complaint, and such joinder or filing will be deemed to amend any previously filed response to the third-party complaints;

12. PCS has 30 days from the deadline for filing any omnibus motion, or supplemental motion to dismiss, to respond to any such motion, including the previously filed motion of Riley Power;

13. Section I.O. of the Case Management Order, which provides that "[e]lectronic service on a party shall be sufficient to satisfy the requirements of the Federal Rules of Civil Procedure, and all parties are directed to accept electronic service from any other party," shall apply in equal force to the third-party defendants;

14. PCS is directed to file a notice containing a list of the remaining third-party defendants with their alleged transaction categories; and

15. The parties shall confer following the court's ruling on the test case motions and motions to dismiss and propose a date for status conference to address case management issues.

SO ORDERED, this the 1st day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge