IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DUKE ENERGY PROGRESS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | NO. 5:08-CV-460-FL |
| Defendants. | ) | |

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) | |
| Plaintiff, | ) | NO. 5:08-CV-463-FL |
| v. | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court on defendant Broad River Electric Cooperative's ("Broad River") motion for reconsideration (DE 1169),[1] to which plaintiffs have responded and defendant Broad River replied. Defendant Carr & Duff, Inc. ("Carr & Duff") moved the court for leave to file

---

[1] For ease of reference all docket entry numbers reflect the filings on docket 5:08-cv-460.

a memorandum in support of Broad River's motion, which was allowed by text order on April 25, 2013.[2] For the following reasons, defendant Broad River's motion is DENIED.

## COURT'S DISCUSSION

The court's previous orders contained detailed statements of the case and facts, which sections the court incorporates here. Plaintiffs seek contribution toward the costs of removal actions at the Ward Transformer Superfund Site ("Ward Site"), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675. Central to the instant motion is that the parties moved for summary judgment as to defendants Georgia Power Company ("Georgia Power") and Broad River, and those motions were addressed by separate orders on February 1, 2013, and February 19, 2013, respectively. As to defendant Georgia Power, the court granted its motion for summary judgment and denied plaintiffs' motion for summary judgment. Carolina Power & Light Co. v. Alcan Aluminum Corp., Nos. 5:08-cv-460, 5:08-cv-463, 2013 WL 419300, at *10 (E.D.N.C. Feb. 1, 2013) [hereinafter Georgia Power Order]. As to defendant Broad River, the court denied all motions for summary judgment, finding that there were genuine issues of material fact preventing a finding of summary judgment for either defendant Broad River or plaintiffs. Carolina Power & Light Co. v. Alcan Aluminum Corp., Nos. 5:08-cv-460, 5:08-cv-463, 2013 WL 609516, at *9-11 (E.D.N.C. Feb. 19, 2013) [hereinafter Broad River Order].

Defendant Broad River, with supportive briefing from defendant Carr & Duff, challenges the court's February 19, 2013, order on the basis of the court's February 1, 2013, order. Rule 54(b)

---

[2] The court allowed by order on May 3, 2013, Carolina Power & Light Company's motion to amend case caption due to corporate name change. Thus, that party is now Duke Energy Progress, Inc. That order also directed the parties to report on case management issues by May 24, 2013.

2

provides that an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). As defendant Broad River does not present the court with any new law or facts, and the court was fully aware of its own prior order, its motion for reconsideration is denied. See Federal Deposit Ins. Corp. v. Willetts, 882 F. Supp. 2d 859, 867 (E.D.N.C. 2012) (recognizing that motions to reconsider are limited to the purpose of allowing the court to "correct manifest errors of law or fact or to consider newly discovered evidence," and not to simply ask the court to re-evaluate its decision). However, the court will briefly address here the distinction between its orders to aid the parties' understanding as litigation moves forward. The fundamental difference between defendant Broad River and defendant Georgia Power is that Broad River sent its transformers to Ward for repair, while Georgia Power sold its transformers to Ward. Georgia Power Order, 2013 WL 419300, at *3-4; Broad River Order, 2013 WL 609516, at *3-4. Defendant Broad River glosses over this difference in its instant motion. However, as explained below, the difference between a sale and a repair for the purposes of CERCLA liability is critical to the liability determination in these cases.

CERCLA liability is determined by first showing that a defendant is a potentially responsible party ("PRP") that falls into one of four categories by statute. 42 U.S.C. 9607(a).[3] Central to the court's holding in favor of defendant Georgia Power was that the circumstances of its *sales* of transformers, when examined with benefit of several cases which also discussed product *sales*, showed defendant Georgia Power did not have the requisite intent to establish arranger liability

---

[3] Defendant Broad River contests its alleged statuses as an "arranger" under CERCLA § 107(a)(3) and past "facility owner at the time of disposal" under § 107(a)(2). Defendant Georgia Power was alleged to be an arranger and no allegation of past owner liability was made against it.

3

under CERCLA. Georgia Power Order, 2013 WL 419300, at *6-10. Defendant Broad River seeks for the court to find that its intent to arrange for the disposal of hazardous substances is similarly lacking when it sent its own transformers to Ward for repair.

"An entity may qualify as an arranger under [42 U.S.C.] § 9607(a)(3) when it takes intentional steps to dispose of a hazardous substance." Burlington N. & Sante Fe Ry. Co. v. United States, 556 U.S. 599, 610 (2009). The determination of intent for the purposes arranger liability is "fact intensive and case specific," where several factors may be considered by the court. Id. Ownership of the transformers sent to Ward is critical to determining intent to arrange for disposal of hazardous substances. Defendant Broad River argues that sending a useful product in for repair demonstrates the same intent as selling a useful product. However, it fails to point to any case law standing for such a proposition, while each case examining sales of a useful product considered the transfer of ownership to be a significant factor. See, e.g., id. at 612-13; Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R. Co., 142 F.3d 769, 775 (4th Cir. 1998). To the contrary, case law indicates that repair transactions can create arranger liability, and are not analogous to sales transactions because ownership is critical. See Am. Int'l Specialty Lines Ins. Co. v. United States, No. CV 09-01734 AHM, 2010 WL 2635768, at *30 (C.D. Cal. June 30, 2010) (finding arranger liability where the government contracted for the repair of rocket engines, and the contractor's repair process resulted in the release of a hazardous substance from those engines); see also United States v. Aceto Agric. Chems. Corp., 872 F.2d 1373, 1378-81 (8th Cir. 1989) (overturning dismissal of claims for arranger liability where defendants contracted to change defendant's technical grade pesticides into commercial grade pesticides, and rejecting the argument that sale of a useful product was analogous). In this case, as in Aceto, defendant Broad River owns the alleged hazardous

4

substance (in its transformer oil) and owns the products being modified (used transformers) through the entire repair process. See id. at 1382 (recognizing that defendants owned the technical grade pesticides and that ownership continued as they were modified into commercial grade pesticides).

Furthermore, under the specific case against defendant Broad River presented to the court, there is significant evidence, in addition to ownership of the transformers, that contributes to a finding of intent to arrange for disposal. Defendant Broad River retained the power to direct Ward as to the specific handling of its transformers while under repair, and the record shows several instances in which such authority was used. See, e.g., WT026730 (defendant Broad River specified that it wanted a "new core" and "complete rewind" of its transformer no. 2059260); WT024713 (defendant Broad River requested a "repair as to name plate data" for transformer no. 5064206). Repairing defendant Broad River's transformers necessarily required the removal and discard of transformer components and oil. See Broad River Order, 2013 WL 609516, at *3-4 (detailing the repairs of the three transformers defendant Broad River sent to Ward). These facts tend to show that defendant Broad River took "intentional steps" to dispose of transformer oil. See Burlington N. & Sante Fe Ry. Co., 556 U.S. at 610. However, as the court recognized previously, there are factual disputes preventing summary judgment in this case, including whether the transformers owned by defendant Broad River contained hazardous substances in that oil. Broad River Order, 2013 WL 609516, at *11.

## CONCLUSION

For the foregoing reasons, defendant Broad River's motion for reconsideration is DENIED (DE 1169).

SO ORDERED, this the 6th day of May, 2013.

LOUISE W. FLANAGAN
United States District Judge