IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-460-FL

| | |
|---|---|
| DUKE ENERGY PROGRESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCAN ALUMINUM CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |

No. 5:08-CV-463-FL

CONSOLIDATION COAL COMPANY, )
)
Plaintiff, )
)
v. )
)
ALCAN ALUMINUM CORPORATION, et al., )
)
Defendants. )

This matter comes before the court upon defendant Broad River Electric Cooperative's ("Broad River") motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (DE 1220).[1] Defendant Broad River seeks to appeal the court's orders denying its motion for summary judgment and motion for reconsideration of that denial of summary judgment. Plaintiffs responded in opposition, and defendant Broad River replied. The matter is now ripe for review. For the

---

[1] For the convenience of the court docket entry numbers refer to the document's location under case number 5:08-cv-460. Defendant Broad River's motion is also lodged under the parallel case number 5:08-cv-463, at docket entry 1216.

following reasons, defendant Broad River's motion is denied.

Section 1292(b) states, in part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, the first requirement for certification of interlocutory appeal is that an order granting certification "involves a controlling question of law." Id.

Defendant Broad River cannot satisfy this first requirement because, as the court found in its order denying summary judgment, there is a genuine issue of material fact which prevents a finding as to its liability. Carolina Power & Light Co., v. Alcan Aluminum Corp., Nos. 5:08–CV–460–FL, 5:08–CV–463–FL, 2013 WL 609516, at *11 (E.D.N.C. Feb. 19, 2013). The questions of law that defendant Broad River seeks to certify are whether it can be liable as an arranger or owner pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") section 107(a). 42 U.S.C. § 9607(a). However, if the Fourth Circuit were to agree with this court's legal reasoning that defendant Broad River could be liable under one or both of those theories, that finding of law would not be "controlling" as to defendant Broad River's liability under CERCLA. This court would still need to resolve the factual issue of whether defendant Broad River's transformers contained hazardous substances because defendant Broad River disputes this material factual point.

Defendant Broad River cannot show, and this court cannot order, that interlocutory appeal

2

would involve any "controlling question of law" as required by 28 U.S.C. § 1292(b).[2] Therefore, defendant Broad River's motion for certification of interlocutory appeal is DENIED (DE 1220).

SO ORDERED, this the 22nd day of July, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[2] The court need not reach the arguments of the parties as to whether the other requirements of this statute are satisfied.