IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DUKE ENERGY PROGRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:08-CV-460-FL |
| | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:08-CV-463-FL |
| | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court upon third-party defendant Truland Corporation's ("Truland") motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (DE 1241).[1] Defendant Truland seeks to appeal the court's orders denying its motion to dismiss for lack of personal jurisdiction. Third-party plaintiff PCS Phosphate Company, Inc. ("PCS Phosphate") responded in opposition, and defendant Truland replied. The matter is now ripe for review. For the

---

[1] For the convenience of the court docket entry numbers refer to the document's location under case number 5:08-cv-460. Defendant Broad River's motion is also lodged under the parallel case number 5:08-cv-463, at docket entry 1216.

following reasons, defendant Truland's motion is denied.

Section 1292(b) states, in part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, the first requirement for certification of interlocutory appeal is that an order granting certification "involves a controlling question of law." Id.

Defendant Truland cannot satisfy this first requirement because it seeks a factual determination as to the nature of its transaction(s) with Ward. Mem. in Supp. 3, Ex. 1. As discussed in the court's previous order, PCS Phosphate only has to make a *prima facie* showing of personal jurisdiction in its complaint, because the court has not conducted an evidentiary hearing at this stage. Carolina Power & Light Co., v. Alcan Aluminum Corp., Nos. 5:08–CV–460–FL, 5:08–CV–463–FL, 2013 WL 1246833, at *9 (E.D.N.C. Mar. 27, 2013). Truland seeks to have the court interpret documents outside of the pleadings and find that PCS Phosphate's complaint is inaccurate. Mem. in Supp. 3, 7. This type of factual dispute is not subject to interlocutory appeal because defendant Truland's motion does not rely on a "controlling question of law." 28 U.S.C. § 1292(b). Instead of seeking to have the Fourth Circuit resolve the factual dispute as to whether one or more transformers were sent by defendant Truland to Ward for repair, defendant Truland shall wait for the stay of discovery to be lifted to raise these factual issues and put PCS Phosphate to its ultimate burden of showing jurisdiction by a preponderance of the evidence. See Carolina Power & Light Co., 2013 WL 1246833, at *9, n.21.

Defendant Truland cannot show, and this court cannot order, that interlocutory appeal would

2

involve a "controlling question of law" as required by 28 U.S.C. § 1292(b).[2] Therefore, defendant Truland's motion for certification of interlocutory appeal is DENIED (DE 1241).

SO ORDERED, this the 12th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The court need not reach the arguments of the parties as to whether the other requirements of this statute are satisfied.

3