IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-460-FL

| | | |
|---|---|---|
| DUKE ENERGY PROGRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

No. 5:08-CV-463-FL

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALCAN ALUMINUM CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

These matters come before the court on Truland Corporation's motion to reopen depositions (DE 1329), General Electric Company's motion to continue deposition (DE 1335), and motion by eighty-three (83) of the one hundred and one (101) remaining original parties for leave to re-open certain depositions (DE 1336).[1] Responses have been filed, and the issues raised are ripe for review. Also before the court is Truland Corporation's second motion regarding depositions (DE 1340), which the court herein addresses. Additionally, this third-party defendant requested and was granted October 16, 2013, conference by telephone with the court, attended by representatives of PCS

---

[1] For the convenience of the court, docket entry numbers refer to the document's location under case number 5:08-cv-460. The instant motions also are lodged under the parallel case number 5:08-cv-463.

Phosphate Company, Inc., in furtherance of its complaint about certain written discovery recently produced by the third-party plaintiff. Where issues concerning the responses may be of interest to other third-party defendants, and presage issues potentially arising in the future, the court also considers further Truland Corporation's complaints.

## BACKGROUND

Reference is made to prior orders for a more complete recitation of the history and background of this case. The court summarizes here case background of particular importance to the discovery issues now before the court.

On August 15, 2013, the court conducted a conference regarding the scheduling of discovery (hereinafter the "Conference"). The court's August 19, 2013, order (hereinafter the "Scheduling Order") followed, which partially lifted the stay of discovery.[2] Various categories of discovery at issue are considered more particularly below.

A.  Written Discovery

As set forth in the Scheduling Order, the third-party plaintiff was tasked with formulating the initial written discovery to be responded to, because of efficiencies arising, where it was involved directly in discovery processes in 2010 and 2011. Those processes involving the form of the initial written discovery were protracted and difficult, as the history of this case bears out.

In the Scheduling Order, the court expressly turned the third-parties' attention to the court's earlier orders. In the June 14, 2010, order, where reference is made to "Initial Informal Discovery," and about seven months later, where "[s]ubstantial disagreements were raised and decided in the

---

[2] Discovery in this case was stayed on November 29, 2011, in order to facilitate the "test case" framework, which is more particularly described in the court's November 14, 2011, and November 29, 2011, orders.

court's January 13, 2011, order," concerning this discovery, the court focused on the importance of reviewing the orders dated June 14, 2010, and January 13, 2011, "so that third-party defendants also will understand the original parties' past initial discovery disputes, and how they were resolved by the court to avoid unnecessary future delays in parallel discovery now involving them."

The third-party plaintiff was ordered to draft written discovery on behalf of the third-party defendants, informed by the prior history in which it participated directly as a time and resource saving measure. By September 6, 2013, the third-party plaintiff was ordered to disseminate to third-party defendants the form of the initial interrogatories, and requests for document production. No objection was raised by any third-party defendant to this process. And by September 6, 2013, copies of all Nexus files[3] in its possession or to which it has access also were ordered to be provided by the third-party plaintiff to the third-party defendants. The third-party plaintiff's responses were tendered by the deadline of October 7, 2013. This is the discovery of which Truland Corporation complains, and was the subject of yesterday's conference with the court.

B.  Depositions

At the August 15, 2013, Conference, the parties indicated some disagreement as to whether the original defendants had missed their deadlines to request any supplemental deposition session (hereinafter "Supplemental Session") of former Ward employees, in consideration of the test case method used to guide earlier discovery efforts. Accordingly, the court established a briefing schedule in its Scheduling Order to promote address of any issue as to whether original parties will

---

[3] Nexus files (also referred to as nexus documents) is used as that term is defined in the court's January 13, 2011, order.

3

be allowed to engage in depositions of former Ward employees in Supplemental Session.[4] The court imposed on itself, for benefit of the parties' planning and in furtherance of the compacted schedule of case activities ongoing, a deadline of October 21, 2013, to decide this issue, too, because of its importance to the parties in preparation of their joint report and plan, due November 29, 2013.

In considering the background pertinent to this issue, it should be noted that the court's June 14, 2010, order specifically provided:

> The depositions of the current and former Ward employees appear important to all parties and should be given priority in scheduling. The parties are directed to meet and confer to establish a mutually convenient expedited schedule for deposing the current and former Ward employees. There are no limits on the number of depositions of current and former Ward employees allowed to each party. The deposition of each current and former Ward employee is limited to sixteen (16) hours, with eight (8) hours each allocated to the collective plaintiffs and collective defendants. The collective plaintiffs and collective defendants shall equally bear (50/50) the cost of the current and former Ward employees' depositions, with each party to bear its own transcript cost. . . . Depositions may be conducted in two sessions, an Initial Session and, if necessary, a Supplemental Session. The Initial Session shall be attended by a lead questioner for each collective party, along with any other party that wishes to participate. The failure of any party to attend the Initial Session shall not prejudice that party's right to participate in the Supplemental Session. After the conclusion of the Initial Session, any party may request a copy of the transcript. Within thirty (30) days of the completion of the transcript, any party may notice the resumption of the deposition (Supplemental Session), by stipulation or with leave of court pursuant to Federal Rule of Civil Procedure 30(a)(2), and all parties may participate. At that Supplemental Session, each party's questions shall be limited to: (1) questions specifically about that party or matters that directly affect that party; or (2) follow-up questions, confined to the scope of topics covered by another questioning party. The Supplemental Session shall be limited to eight (8) hours as with the non-Ward depositions. The party that serves the notice of resumption for the Supplemental Session upon the deponent shall be responsible for bearing the deponent's reasonable costs incurred in connection with the Supplemental Session and the cost of the deposition.

---

[4] Specifically, the depositions at issue are of former Ward Employees Joe Richard Brewer, Frank Aguirre, Ben Rappleyea, Robert Ward III and William Weir. Additionally Edward Walsh and Scott Canady are expert witnesses for plaintiffs who were utilized in the test cases. If the parties decide after conference that other former Ward employees will require supplemental depositions, that information may be included in the joint report and plan, as required by the court's Scheduling Order.

June 14, 2010, Case Management Order, at 4-5.

Accordingly, the original parties took depositions of former Ward employees in late 2010 and early 2011, which the court directed all parties to review in its Scheduling Order entered August 19, 2013. The Scheduling Order also adopted the "Supplemental Session" framework established in its previous case management order.

Third-party defendants in this case are in the unique position of entering into the lawsuit while a stay of discovery was in place, and after former Ward employees had been deposed. Also as discussed at Conference, the Scheduling Order sets forth expectation and direction that all parties will review depositions and confer as to what supplemental depositions of Ward employees may be needed, with joint report and plan due to the court on or before November 29, 2013.

C.   Liaison Counsel

Pertinent to one issue before the court is the deadline imposed in the Scheduling Order concerning liaison counsel, encouraging the parties to consider now their organizational structure. Specifically, the parties are directed to consider whether additional or different liaison groups are deemed necessary and to submit any notice(s) of change(s) by October 28, 2013. "The defendants may organize as they see fit for the purpose of conducting discovery," the court promoted, adding "[a]ll parties are encouraged to work together as necessary to achieve the court's directives in the most effective and efficient manner for the parties and the court."

Third-party defendant Truland Corporation indicated at conference October 16, 2013, it has interest in organizing a group of similarly positioned third-party defendants, and that it needs more precise discovery from the third-party plaintiff in order to determine composition of that group.

D.   Other Matters

Some other background pertinent to the discovery issues arising devolves around the fact that the parties have a deadline to meet and confer by November 15, 2013, to consider how the case has developed. While reference is made to the Scheduling Order for the complete recitation of conference topics to be reported on, following November 15, 2013, among those topics the court noted are the following: 1) what Phase I discovery if any remains to be undertaken by the original parties with proposed deadline(s); 2) what Phase I discovery will be undertaken by the third parties with proposed deadline(s); 3) and where the depositions of the current and former Ward employees appear important to all parties and should be given priority in scheduling, the establishment of a mutually convenient, expedited schedule for deposing current and former Ward employees. The court promoted a focus on discovery by adding in its Scheduling Order that the parties' report should include any other topic necessary to be considered in furtherance of the schedule governing Phase I discovery and motions.[5]

## COURT'S DISCUSSION

The court takes up the discovery issues presented in turn below.

A.  Informal Request For Address of Written Discovery Responses

In telephone conference with counsel for the third-party plaintiff and Truland Corporation, the third-party defendant complained about the responses of the third-party plaintiff to written discovery, referring to the liberty the answering party had in constructing its own discovery questions. The reason that the court burdened the third-party plaintiff in this way should be plain. So, too, from the face of the Scheduling Order is the fact the third-party defendants are not limited

---

[5] The parties also were encouraged to work together to develop a document depository to enhance the efficiency and reduce expenses of discovery, and promptly to alert the court to any document preservation or maintenance issues concerning. No alert has been received.

Case 5:08-cv-00463-FL   Document 1334   Filed 10/17/13   Page 6 of 11

to this set of written discovery in Phase I.  Truland Corporation and every other third-party litigant is subject to an ongoing discovery process with opportunity for further written discovery.

Truland Corporation seeks now, however, a contextual chart to be given to it in discovery, addressing further some of the subject matter of Interrogatory Nos. 10, 11, 12, 13, and 18.  Truland Corporation would seek in this chart for the third-party plaintiff to identify with specificity items of relevance as to each third-party defendant on which the third-party plaintiff relies in prosecuting its claims.  Opportunity awaits for this defendant and any other third-party defendant to seek more specific information from the third-party plaintiff, and the court will not now require any chart to be provided.

As to its concern about needing more information to organize a group of similarly situated third-party defendants, the court will permit at any juncture liaison counsel to be established if reasonable.  No litigant is cabined by the October 28, 2013, deadline; however, that deadline serves the purpose of encouraging such discussions in advance of the November conference, to make more expedient conference activities.

The discovery ordered to be produced October 7, 2013, was a part of putting the third-party defendants in approximately the same position as the original ones.  Truland Corporation has opportunity to advance its interests with further written discovery in the future.   That fact of that opportunity seemed to elude counsel at conference October 16, 2013, however.  The court urges the litigants to review again the Scheduling Order.

Truland Corporation complains about excessive, inappropriate objections accompanying the answers and responses, rendering them useless in litigation, specifically with regard to objection no. 8, accompanying the interrogatory answers.  General objections ordinarily do not find favor with the

7

court. There are many appearing. Objection no. 8, seeking in part to void interrogatory answers for purposes of summary judgment is particularly troublesome. The court strikes objection no. 8. The third-party plaintiff shall take a hard look at its remaining objections and serve an amended statement of its objections to accompany its October 7, 2013, answers and responses, presenting only those objections deemed truly necessary, and knitted to a particular interrogatory response or document request, designated by number, within seven days from date of entry of this order.

Now, if Truland Corporation or any third-party defendant would seek to show that what was drafted by the third-party plaintiff in form of any interrogatory or request propounded, where the form of the written discovery was disclosed on or before September 6, 2013, did not meet the scope of the court's prior rulings on discovery, such showing should have been made immediately after September 6, 2013. No complaint having been heard before yesterday, entitlement to complain about the form of the interrogatories or requests, themselves, is deemed waived.

If a third-party defendant would seek now to show any answer or response by the third-party plaintiff October 7, 2013, is deficient in substance, motion shall be filed not later than seven days from this date, with response by the third-party plaintiff due seven days thereafter.[6]

B.   Motions to Reopen Depositions

The court turns to Truland Corporation's motion to reopen the depositions of former Ward employees Frank Aguirre and Joe Richard Brewer, followed by a similar motion to reopen the depositions of Ben Rappleyea, Edward Walsh, Robert Ward III, and William Weir.

Truland Corporation is a third-party defendant that has had no opportunity to depose any

---

[6] However, before framing any motion, take note of what this round of discovery was meant to accomplish, the opportunity in discovery ahead, and what the best use of litigation resources at this time might be.

previously deposed persons in this case. Furthermore, third-party plaintiff consents to Truland Corporation's former motion, and while the time to respond to the latter one has not yet elapsed, for the reason that follows, the court discerns no basis for delay in addressing it. These motions are premature or unnecessary pursuant to the Scheduling Order, which specifically allows third-party depositions, including those for former Ward employees. See Scheduling Order, Parts I.E.6, I.F.3-5.

At this time no discovery plan for third parties has yet been submitted. It is not due until November 29, 2013. As stated in the Scheduling Order, "the parties shall establish a mutually convenient, expedited schedule for deposing current and former Ward employees," during their conference. Thus, the Supplemental Session depositions must take place after such an agreement has been reached and reported to the court.

For these reasons Truland's motions are dismissed as moot. Third-party defendants are allowed to depose previously deposed Ward employees, subject to the limitations set forth in the court's Scheduling Order.

C.  Remaining Motions

The court considers the remaining motions by original defendants, seeking Supplemental Session depositions of certain former Ward employees.[7] Two motions were filed by original defendants seeking Supplemental Session depositions. Original defendants, it appears, missed deadlines for seeking Supplemental Session depositions. Pursuant to the court's July 14, 2010, case management order quoted above, defendants had thirty (30) days after each deposition to request a Supplemental Session. It appears that depositions of former Ward employees were completed

---

[7] The parties appear to agree that the deposition of plaintiffs' expert witness may be addressed at conference. Therefore, the court awaits the parties' joint report and plan, as to the deposition of Dr. Edward J. Walsh, and other expert witnesses.

9

sufficiently in advance of the stay of discovery in November 2011. However, certain original defendants request now that the court grant them leave to re-open depositions.

Particularly, General Electric contends that it should be able to question Joe Richard Brewer in a deposition concerning its alleged repair transaction with Ward, broadly asserting that it has not had the opportunity to depose. Eighty-three (83) other original defendants jointly urge that Mr. Brewer's affidavits as to the test case defendants contradicted his deposition testimony, and thus they should be allowed to depose Mr. Brewer concerning his personal knowledge.

Opportunity to seek Supplemental Session depositions was not denied to defendants nor was the affidavit process was abused, as the motions argue. Nonetheless, the court recognizes that much has transpired in this case since discovery was stayed in November 2011. It also recognizes that before the stay formally was put into effect, the parties were working, under the direction of Magistrate Judge Daniel, to establish the test case system. There is some suggestion that while discovery obligations were ongoing, but before any stay was memorialized by the court, parties operated with assumption that some informal stay of discovery then was in effect.

Magistrate Judge Daniel's oversight advanced the progress of the case, specifically including address of early discovery and development of the test case process. With his untimely passing, the court gives defendants the benefit of any doubt it may have about any reference in those conferences to some delay of ongoing discovery obligations, while the test case process matured, also where the court recalls the complexity of that process. Furthermore, given the relatively few depositions at issue, the court sees lessened impact also where most or all former Ward employees may be deposed in the near future by third parties.

It is for these reasons that the court finds cause to allow these original defendants to

participate in Supplemental Session depositions of those former Ward employees at issue. As such, these motions are allowed.

## CONCLUSION

For the foregoing reasons, Truland Corporations's motions to reopen depositions are DISMISSED AS MOOT (DE 1329, 1340). The original defendants' motions as to depositions are GRANTED (DE 1335, 1336). Concerning the October 7, 2013, written discovery responses of the third-party plaintiff, the court deems waived now any complaint about the form of the interrogatories and requests, disclosed on or before September 6, 2013. Having struck objection no. 8 and requiring the third-party plaintiff to serve an amended statement of its objections accompanying its answers and responses, within seven days from date of entry of this order, the court holds further, that if a third-party defendant would seek to show any answer or response deficient, such motion shall be filed not later than seven days from this date, with response by the third-party plaintiff due seven days thereafter.

SO ORDERED, this the 17th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge