IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-460-FL

| | |
|---|---|
| DUKE ENERGY PROGRESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCAN ALUMINUM CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |

No. 5:08-CV-463-FL

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCAN ALUMINUM CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on third-party defendant Truland Corporation's ("Truland") Motion for Summary Judgment on its Third Affirmative Defense (460 DE 1477, 463 DE 1469). Truland urges that summary judgment is appropriate because the North Carolina statute of repose bars third-party plaintiff PCS Phosphate Inc.'s claim. Responses and a reply have been filed. This matter is now ripe for review.

**BACKGROUND**

Carolina Power and Light Company d/b/a Progress Energy Carolinas, Inc. ("CP&L") and Consolidation Coal Company ("Consol") (collectively "plaintiffs") entered into an administrative settlement with the United States Environmental Protection Agency ("EPA") in 2005, which

obligates them to perform removal actions at the Ward Transformer Superfund Site ("Ward Site") and to reimburse the EPA for its own removal costs related to the site, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675. Cross-claimant PCS Phosphate, though not a party to the administrative settlement, entered into a trust agreement with plaintiffs and has contributed to funding the removal action.

On September 1, 2009, plaintiffs filed consolidated amended complaints against defendants.[1] Plaintiffs sought contribution toward the costs of removal actions at the Ward Site, pursuant to §§ 107 (a) and 113(f) of CERCLA. On September 15, 2009, defendant PCS Phosphate counterclaimed against plaintiffs and cross-claimed against other defendants then named in the complaints, seeking cost recovery based on their contribution to the removal action, pursuant to § 107(a) of CERCLA. See 42 U.S.C. § 9607(a). On November 21, 2011, PCS Phosphate filed three third-party complaints, naming forty third-party defendants who had not been previously sued by plaintiffs, including Truland, for cost recovery.

Plaintiffs and PCS Phosphate (collectively "claimants") allege that defendants sent electrical transformers to the Ward Site. These transformers allegedly contained dielectric fluids that were used as an insulating and cooling medium. In turn, the dielectric fluid allegedly contained polychlorinated biphenyls ("PCBs"), a hazardous substance regulated under CERCLA. Truland sent at least one transformer to the Ward Site for repair in 1982.

---

[1] Originally, six separate lawsuits were filed by plaintiffs CP&L and Consol between September 12, 2008, and April 30, 2009. They were consolidated into the two lead cases noted above at a joint scheduling conference, on August 18, 2009.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but rather contemplates whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Similarly, credibility determinations are jury functions, not those of a judge. Id. at 255. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247–48.

B.  Analysis

Truland argues that the North Carolina statute of repose bars PCS Phospate's CERCLA cost recovery claim, relying on the recent Supreme Court case of CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014). North Carolina's statute of repose provides as follows:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in

3

> G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat. § 1-52(16).

"Congress enacted CERCLA in 1980 to promote the timely cleanup of hazardous waste sites and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination." Waldburger, 134 S.Ct. at 2180 (internal quotation marks omitted). CERCLA establishes federal causes of action, such as the cost recovery claim that PCS Phosphate brought against Truland. See 42 U.S.C. § 9607(a). However, it does not establish any federal cause of action for personal injury or property damage. Instead, CERCLA has a uniform discovery rule for state tort plaintiffs with such injuries. See 42 U.S.C. § 9658; Waldburger, 134 S.Ct. at 2180. The discovery rule preempts state statutes of limitations for actions "brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility." 42 U.S.C. § 9658.

In Waldburger, landowners brought suit against the company that ran a manufacturing plant for damage to plaintiff's property that they discovered near the plant in Asheville, North Carolina. 134 S.Ct. at 2181. They asserted state-law nuisance claims. Id. The Supreme Court held that such claims were barred by North Carolina's statute of repose, despite CERCLA's discovery rule under 42 U.S.C. § 9658, which preempts state statutes of limitations. Id. at 2188.

In this case, PCS Phosphate has not brought a state cause of action for any personal injury or property damages. Therefore, the particular provision of CERCLA examined in Waldburger for

4

preemption purposes is inapplicable.  See 42 U.S.C. § 9658; Waldburger, 134 S.Ct. at 2181.  North Carolina's statute of repose does not apply to PCS Phosphate's cost recovery claim, because it is not a state law claim but rather a cost recovery claim under 42 U.S.C. § 9607(a).  See N.C. Gen. Stat. § 1-52; 42 U.S.C. § 9658(a)(3).  Thus, Truland's motion for summary judgment on the basis of North Carolina's statute of repose fails as a matter of law.

## CONCLUSION

For the reasons given, the court DENIES Truland's Motion for Summary Judgment on its Third Affirmative Defense (460 DE 1477, 463 DE 1469).

SO ORDERED, this the 25th day of September, 2014.

LOUISE W. FLANAGAN
United States District Judge