IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-460-FL

| | | |
|---|---|---|
| DUKE ENERGY PROGRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

No. 5:08-CV-463-FL

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALCAN ALUMINUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motion for protective order (460 DE 1553, 463 DE 1544), filed by plaintiff Consolidation Coal Company and crossclaim/third-party plaintiff PCS Phosphate Company, Inc. (collectively "plaintiffs"). Third-party defendant Truland Corporation ("Truland") filed a response in opposition. In this posture the issues raised are ripe for ruling. For the reasons that follow, plaintiffs' motion is granted in part as set forth herein.

## BACKGROUND

As pertinent to the present motion, on August 5, 2010, this court entered a consent protective order and stipulation of confidentiality providing for designation of materials produced in discovery in this action as "CONFIDENTIAL – ATTORNEY'S EYES ONLY," where the materials are

"determined by the Producing Party, acting in good faith, to be non-public and to be confidential business or technical information." (DE 349, ¶1).[1] The protective order provides a mechanism by which a party "may challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists to be submitted by any party." (Id. ¶9). "The Designating Party must then seek a protective order from the Court for such documents, information or tangible items." (Id.).

The protective order further states that "[n]othing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document(s) or for particular testimony given in this action." (Id. ¶22). On September 30, 2013, the court extended the August 5, 2010, protective order to apply to all third-party defendants. (DE 1326).

On July 3, 2014, in discovery in this matter, plaintiffs disclosed Mr. David Mauro, a chemist, as their expert on PCBs in mineral oil transformers. (DE 1558-1). In his expert report, Mauro relied upon and referenced two publications at issue in the present motion, which were published by the Electric Power Research Institute, Inc. ("EPRI"): (1) a 2009 report titled "Changes to PCB Congeners in Dielectric Fluids in Use" (the "2009 EPRI Report") and (2) a 2012 report titled "Predicting the Potential Polychlorinated Biphenyl (PCB) Concentration in Electrical Equipment" (the "2012 EPRI Report") (collectively, the "EPRI Reports"). (See, e.g., DE 1558-1, pp. 30-31).

On November 10, 2014, prior to deposition of Mr. Mauro, plaintiffs produced in discovery in this matter, under the designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY," copies of the EPRI Reports, by making them available for download or on disc. (DE 1554-6, pp. 3-4). On

_____

[1] Henceforth in this order, unless otherwise noted, all citations to the record are to documents filed in Case 5:08-CV-460-FL, although the same documents were filed also in Case No. 5:08-CV-463-FL.

November 14, 2014, at the deposition of Mauro, Truland's counsel discussed the EPRI Reports during deposition questioning. (DE 1558-3). On December 5, 2014, Truland's counsel sent a letter to counsel for Consolidation Coal Company challenging the designation of the EPRI Reports as "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and requesting that the designation be removed. (DE 1554-7, pp. 2-3).

On January 2, 2015, plaintiffs filed their motion for protective order, pursuant to paragraph 9 of the court's August 5, 2010, protective order, seeking a protective order designating all copies of the EPRI Reports produced by plaintiffs as "CONFIDENTIAL – ATTORNEY'S EYES ONLY." (DE 1553, p. 2). Truland filed its opposition on January 16, 2015.

**COURT'S DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). "To establish good cause for a protective order under Federal Rule of Civil Procedure 26(c), . . . courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102, n.16 (1981) (internal quotations omitted).

In this case, plaintiffs have established good cause for a protective order requiring that the EPRI reports be produced under certain restrictions, although not exactly as designated up to this point. The current designation, "CONFIDENTIAL – ATTORNEY'S EYES ONLY" applies only to materials which are determined by the Producing Party "to be non-public and to be confidential

business or technical information."  (460 DE 349, ¶1).  Based on the facts presented in support of the motion, however, the EPRI Reports are neither non-public nor confidential.  Rather, EPRI sells copies of the reports to the public for a fee, where the cost to purchase a copy of the 2009 EPRI Report is $950, and the cost to purchase a copy of the 2012 EPRI Report is $2,500.  (See, e.g., 460 DE 1554-8, p. 2; 460 DE 1558-3, pp. 3& 7).  The EPRI Reports, therefore, do not fall squarely within the description of the designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

Nevertheless, based on these same facts, the EPRI Reports are materials of the type properly to be "revealed only in a specified way" to the parties during discovery in this case.   Fed. R. Civ. P. 26(c)(1)(G).  Given that the EPRI Reports are proprietary and commercially valuable documents available only from EPRI for a fee, allowing unrestricted access to copies of the EPRI Reports by all parties to this case undermines EPRI's intellectual property rights to charge a fee for its own publications.  The Federal Rules, in this respect, provide a mechanism for protecting EPRI, as a "person" specified in the rule, "from . . . undue burden or expense."  Fed. R. Civ. P. 26.

Although designating the EPRI Reports "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is not appropriate, the same protections applicable to materials designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" will serve the interest of maintaining the integrity and value of EPRI's commercial proprietary information.  Restricting access to attorneys only for purposes of litigation in this case ensures that such proprietary information is used only for purposes of this litigation, and not for purposes of circumventing the cost of purchasing a report from EPRI.

The court, therefore, directs that the EPRI Reports be designated under a new category of protective designation, "PROPRIETARY REPORT," but in all other respects be subjected to the same requirements as materials otherwise designated "CONFIDENTIAL – ATTORNEY'S EYES

4

ONLY" as set forth in the court's August 5, 2010, protective order. For example, such requirements include but are not limited to the following requirements in Paragraph 4 of the August 5, 2010, protective order, modified here to incorporate the new category of designation:

> 4. [Information] designated as "[PROPRIETARY REPORT]" shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to the following "Qualified Persons":
>
> a. This Court and its personnel.
>
> b. Counsel of record in this litigation and attorneys and staff persons employed by or acting on behalf of any such counsel.
>
> c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation or trial of this litigation.
>
> d. A court reporter.
>
> e. Third-party fact witnesses or potential fact witnesses, if disclosure to such potential fact witness of particular [Information] is in counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

(DE 349, ¶4).

Such requirements also include those provisions in the protective order specifying procedures in the event a party seeks to file such EPRI Reports under seal with the court. In particular, "[e]ach time a party seeks to file under seal [PROPRIETARY REPORTS], said party shall accompany the request with a motion to seal and a supporting memorandum of law," (DE 349, ¶7), which motion and memorandum must make the requisite showing based upon applicable law governing sealing of court filings, particularly pursuant to <u>Stone v. University of Maryland</u>, 855 F.2d 178, 180-181 (4th Cir. 1988).

The court rejects Truland's arguments in favor of lifting all restrictions on the designation of the EPRI Reports, at this juncture in the litigation. For example, Truland contends that a

restrictive designation would run afoul of Fourth Circuit case law, such as <u>Stone</u>, regarding requirements for sealing materials filed on the docket. No party, however, has yet sought to file the EPRI Reports in connection with any motion before the court, and no motion to seal such documents is before the court. In the event a motion to seal is filed, Truland may renew its arguments at that time. The court expresses no opinion at this time, without benefit of further briefing on the issues raised in Truland's opposition regarding sealed materials, regarding the propriety of filing the EPRI Reports under seal in this case.

It suffices for present purposes, pursuant to Fed. R. Civ. P. 26(c), that plaintiffs have demonstrated through specific showing that a protective order restricting disclosure of the EPRI Reports in discovery in this case is warranted.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for protective order (460 DE 1553; 463 DE 1544) is GRANTED IN PART. As set forth herein, the EPRI Reports shall be marked "PROPRIETARY REPORT," and in all other respects be subjected to the same requirements as materials designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" as set forth in the court's August 5, 2010, protective order, attached hereto as Exhibit A, and the court's September 30, 2013, order, attached hereto as Exhibit B.

SO ORDERED, this the 11th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY d/b/a PROGRESS ENERGY CAROLINAS, INC., | ) ) ) | |
| Plaintiff, | ) ) | 5:08-CV-00460-FL |
| v. | ) ) | |
| 3 M COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 5:08-CV-00463-FL |
| v. | ) ) | |
| 3 M COMPANY, et al., | ) ) | |
| Defendants. | ) ) ) | |

## **CONSENT PROTECTIVE ORDER AND STIPULATION OF CONFIDENTIALITY**

THIS CAUSE came to be heard on the joint application of Plaintiffs and Defendants, and

it appearing to the Court that the discovery and trial in this action may involve the production,

disclosure, and filing with the Court of confidential, sensitive or proprietary business

information, or trade secrets (collectively referred to as "Confidential Information") requiring

protection against unrestricted disclosure or use, including, but not limited to, confidential

financial data, marketing or sales planning information, information on pricing and profitability,

customer or client lists, trade secrets, product design information, engineering or business plans

or strategies, proprietary technical or scientific information, and other proprietary and nonpublic

commercial information or commercially and/or competitively sensitive information of the type normally protected from disclosure to the public. This Protective Order governs the production or disclosure of all Confidential Information produced by the parties or their agents during the course of discovery, hearings or trial in this action. In addition, the parties contemplate that Confidential Information may be produced by a non-party, and the use of such information in this case is similarly governed by this Order.

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern the disclosure, use, dissemination, and filing with the Court of all information, documents or materials designated as "Confidential" or "Confidential—Attorney's Eyes Only" and produced in this action.

1.     <u>Designation</u>. Any party to this action or other person who produces, supplies, or provides access to information, documents, testimony, data, or other tangible items (hereinafter "Discovery Materials") for use in this action in the course of discovery (hereinafter the "Designating Party" or the "Producing Party") may designate all or part of such Discovery Materials as "Confidential" or "Confidential—Attorney's Eyes Only." The Producing Party shall be obligated to designate only such Discovery Materials which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the Producing Party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

"Confidential" applies to Discovery Materials which are determined by the Producing Party, acting in good faith, to be non-public and to be confidential business or technical information.

2

"Confidential—Attorney's Eyes Only" applies to Discovery Materials which are determined by the Producing Party, acting in good faith, to be non-public and to be confidential business or technical information, and which is reasonably and in good faith considered by the Producing Party to be highly sensitive because at the time such Discovery Materials are produced contain competitive business information such as customer lists, trade secrets, product design information, marketing or sales planning information or cost, price, profitability or other similar financial information. It is the intention of the parties to designate only a limited number of documents and information for this more restricted level of confidentiality.

Discovery Materials shall be designated as "Confidential Information" by marking words on the document or item that in substance states: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Deposition testimony may be designated as Confidential at the time the testimony is given. Portions of deposition transcripts (including exhibits) containing Confidential Information shall be separately bound and treated as Confidential under this Order, and that portion of the transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" before the final transcript is distributed. Within thirty (30) days after receipt of the deposition transcript, a Designating Party may designate deposition testimony as Confidential Information by advising all parties in writing of the pages and lines in which the Confidential Information appears.

2.      Electronic or digital files containing Confidential Information shall be marked as follows:

        a.      Any media produced containing Confidential Information in electronic or digital form shall be visibly marked on the outside or surface of the media with a legend substantially as follows: "CONTAINS INFORMATION

3

DESIGNATED AS CONFIDENTIAL" and/or "CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL-ATTORNEY'S EYES ONLY"

b. Individual electronic or digital files shall be conspicuously marked or designated as containing Confidential Information by including the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" in the file name or file designation in all capital letters. As an alternative to marking individual files in this manner, all digital files containing Confidential Information on a given media item can be segregated within a folder or directory on that media, which folder or directory name shall include the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" in all capitals.

c. Any electronic or digital files containing confidential information shall, to the maximum extent practicable, contain a visible legend that is displayed along with the data or file contents, when the data or contents are viewed in the normal course of use, containing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" in all capitals.

3. Confidential Information designated as "CONFIDENTIAL" shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to the following "Qualified Persons":

a. This Court and its personnel.

4

b.        Counsel of record in this litigation, counsel of a deponent, in-house counsel for the parties, and attorneys and staff persons employed by or acting on behalf of any such counsel.

c.        Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation or trial of this litigation.

d.        A court reporter.

e.        Plaintiff's current officers and employees.

f.        Current officers and employees of any Defendant.

g.        Third-party fact witnesses or potential fact witnesses, if disclosure to such potential fact witness of particular Confidential Information is, in counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

4.      Confidential Information designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to the following "Qualified Persons":

a.        This Court and its personnel.

b.        Counsel of record in this litigation and attorneys and staff persons employed by or acting on behalf of any such counsel.

c.        Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation or trial of this litigation.

d.        A court reporter.

e.        Third-party fact witnesses or potential fact witnesses, if disclosure to such potential fact witness of particular Confidential Information is, in

counsel's good faith judgment, necessary to that party's prosecution or
defense of the case.

5. If a party wishes to disclose any Confidential Information to any person not
described in Paragraphs 3 and 4 of this Order, permission to so disclose must be requested from
the Designating Party in writing. If the Designating Party agrees, the person shall be considered
a Qualified Person for the purposes of this Order. If the Designating Party objects to the
proposed disclosure, no such disclosure shall be made unless this Court, upon application by the
party requesting such permission, orders otherwise.

6. Confidential Information may be disclosed to a Qualified Person pursuant to
Paragraph 3.c or 3.g, Paragraph 4.c or 4.e, or Paragraph 5, only if such person is first shown a
copy of this Protective Order and agrees in writing to be bound by its terms by signing a copy of
the Confidentiality Agreement attached hereto as Exhibit A. Counsel for the party obtaining the
person's signature on the Confidentiality Agreement will retain a copy of the signed agreement.
At the conclusion of the case, counsel will provide Designating Party with a copy of the signed
agreements.

7. Where any Confidential Information is to be included in any materials filed with
the Court, the filing Party must comply with the procedures in section T (1) of the Court's
Electronic Case Filing Administrative Policies and Procedures Manual (Rev. Jan. 25, 2010).
("ECF Manual") Each time a party seeks to file under seal confidential documents, things,
and/or information, said party shall accompany the request with a motion to seal and a
supporting memorandum of law specifying:

        a. The exact documents, things, and/or information, or portions thereof, for
           which filing under seal is requested;

6

b.     Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

c.     The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

d.     The reasons why alternatives to sealing are inadequate; and

e.     Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. However, in the event that a party seeking to file Confidential Information is not the party who designated that material as Confidential Information, then the Filing Party and the Designating Party shall follow the procedures set forth in section T (1)(a)(6) of the Court's ECF Manual. Further proceedings with respect to a motion to seal will be governed by the Court's Case Management Order.

8.     Inadvertent failure to designate as Confidential any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.

9.     If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not properly designated "Confidential" or "Confidential—Attorney's Eyes Only" as defined hereinabove,

7

then the party may challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists to be submitted by any party. The written notice must specifically identify the challenged documents, information or tangible items, by Bates number page where available. The Designating Party must then seek a protective order from the Court for such documents, information or tangible items. If such a motion is filed the documents will continue to be treated as "Confidential" pending resolution by the Court. Failure to file a motion for a protective order within thirty (30) days from receiving notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order.

10.     No one may attend or review the Confidential portions of a deposition, or a transcript of such portion of the deposition, other than persons listed in Paragraphs 3 and 4, subject to the provisions of Paragraph 6.

11.     Any presentation of Confidential Information to the Court at a hearing prior to the trial shall be made following advance notice to the Court prior to presentation of the material.

12.     Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be disclosed to any third party, or used or disclosed for any purpose other than the preparation and/or trial of this case and/or appeal therefrom.

13.     Nothing contained herein shall prevent any party from disclosing its own Confidential Information or other Discovery Materials as it deems appropriate.

14.     Each party or person bound by this Protective Order will use reasonable care to avoid designating any document or information as Confidential Information which is not entitled to such designation or which is generally available to the public. The restrictions and obligations relating to Confidential Information set forth in this Protective Order shall not apply to:

8

a.     Any document that is or becomes publicly known or available other than through a violation of this Protective Order; or

b.     Any document that the receiving party receives from a third party without violation of this Protective Order or breach of any other agreement between the producing party and such third party, provided the receiving party is not obligated to hold such document in confidence; or

c.     Any information that is independently developed by employees of the receiving party who have not had access to or received any Confidential Information under this Protective Order, as evidenced by written documentation of such independent development; or

d.     Any document that the Designating Party authorizes (in writing) to be released from the obligations of this Protective Order.

If any document marked as "Confidential" or "Confidential—Attorney's Eyes Only" is believed by any party to fall within the description set forth in this paragraph, before disclosing such document to any person not authorized to receive same by this Order, the party seeking to disclose said document shall follow the procedure as set forth in paragraph 9 above.

15.     Any notes, summaries, compilations or copies containing Confidential Information or electronic images or databases containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases are made or derived.

16.     In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof shall be

Case 5:08-cv-00463-FEL Document 362 Filed 08/05/16 Page 15 of 46

returned to the party claiming privilege and/or work product immunity within seven (7) days of receipt of notice of the inadvertent production, and any notes made therefrom shall be destroyed. A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the privileged and/or work product status of those documents. In support of such a challenge, a party returning inadvertently produced documents may, at that time, submit a copy of the returned documents to the Court under seal, to be opened *in camera* only if the party elects to challenge the privileged and/or work product status of those documents, which challenge must be made within fourteen (14) days of submission to the Court. If the party returning inadvertently produced privileged documents fails to file a motion to compel production of these documents within said fourteen (14) day period, the documents will be returned to the Designating Party.

17. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Confidential Information.

18. A Party or entity's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) proprietary, (c) privileged or subject to attorney work product protection, or (d) admissible in evidence at trial.

19. Any person in possession of materials designated as "Confidential" or "Confidential—Attorney's Eyes Only" pursuant to this Protective Order who receives a subpoena or other process from any court or person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associations) who is not a party to this Protective Order, seeking production or other disclosure of such

10

Confidential material, shall promptly give telephonic notice and written notice by overnight delivery, electronic mail, and/or facsimile to counsel for the Designating Party or entity, identifying the materials sought and enclosing a copy of the subpoena or other process where possible at least ten (10) business days before production or other disclosure shall be given. Without limiting the remainder of this paragraph, in no event shall production or other disclosure be made before the latest of (1) the day following the date on which notice is given, or (2) the return date of the subpoena or process.

20.     This Protective Order may be modified or amended by Order of the Court for good cause shown.

21.     This Protective Order shall apply to discovery directed to non-parties to this case, if said non-party requests protection as to its Confidential material as defined above.

22.     This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court, and shall remain in effect until such time as it is modified, amended or set aside by the Court. Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document(s) or for particular testimony given in this Action.

23.     This Protective Order is not intended to prohibit the use or admissibility of Confidential Information upon trial of this action. Issues involving the protection of Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate, with direction from the Court.

24.     Within sixty (60) days after the final disposition of this action, all documents and materials containing Confidential Information (other than exhibits to the official court record) shall, if requested, be returned to the Designating Party or, at the sole option of the Designating

11

Party, destroyed at the Designating Party's expense. The attorneys for each party to the litigation may keep one (1) archival copy of all pleadings and all transcripts (including deposition transcripts and exhibits thereto) containing Confidential Information. The attorneys returning documents containing Confidential Information may retain their attorney 'work product' and privileged attorney-client correspondence as may be necessary in their reasonable good judgment to comply with ethical requirements and/or insurer requirements; provided, however, that this exception shall not apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product. Counsel for any party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party.

25. The obligations of this Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated as Confidential Information by the parties, their counsel, and all who signed a Confidentiality Agreement. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Protective Order.

SO ORDERED, THIS __5__ DAY OF _____, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO:

**Counsel for Plaintiffs:**

/s/ Christopher G. Smith
CHRISTOPHER G. SMITH
N.C. Bar No. 22767
CAROLINE N. BELK
N.C. Bar No. 32574
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN,
LLP
Post Office Box 2611
Raleigh, NC 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: csmith@smithlaw.com
cbelk@smithlaw.com

**COUNSEL FOR PLAINTIFF**
**CAROLINA POWER & LIGHT**
**COMPANY d/b/a PROGRESS ENERGY**
**CAROLINAS, INC.**

/s/ William W. Pollock
WILLIAM W. POLLOCK
N.C. Bar No. 19381
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
Email: wpollock@cshlaw.com

/s/ Daniel M. Darragh
DANIEL M. DARRAGH
Pa. Bar No. 34076
Attorneys for Plaintiff
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3125
Telephone: (412) 297-4718
Facsimile: (412) 209-1940
Email: ddarragh@cohenlaw.com

**COUNSEL FOR PLAINTIFF**
**CONSOLIDATION COAL COMPANY**

/s/ J. Donald Cowan, Jr.
J. DONALD COWAN, JR.
N.C. Bar No. 0968
ELLIS & WINTERS LLP
1100 Crescent Green Drive, Suite 200
Cary, NC 27518
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
Email: don.cowan@elliswinters.com

/s/ Jane Borthwick Story
MICHAEL H. GINSBERG
Pa. Bar No. 43582
MARY BETH DEEMER
Pa. Bar No. 41887
JANE BORTHWICK STORY
Pa. Bar No. 205641
JONES DAY
500 Grant Street, Suite 4500
Pittsburg, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: mhginsberg@jonesday.com
mbdeemer@jonesday.com
jbstory@jonesday.com

**COUNSEL FOR CROSSCLAIM
PLAINTIFF PCS PHOSPHATE
COMPANY, INC.**

14

**Counsel for Defendants**:

_/s/ Donald J. Camerson, II_
Donald J. Camerson, II
NJ State Bar No. 012921990
Kirstin K. O'Callaghan
NJ State Bar No. 028612005
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
Phone: (973) 514-1200
Fax: (973) 514-1660
djcamerson@bressler.com
kocallaghan@bressler.com
***Attorneys by Special Appearance for
Defendants 3M Company & Kraft Foods
Global, Inc.***

and

_/s/ John W. Bowers_
John W. Bowers
NC State Bar No. 24133
D. Christopher Osborn
NC State Bar No. 22237
Horack Talley
2600 One Wachovia Center
301 South College Street
Charlotte, NC 28202
jbowers@horacktalley.com
cosborn@horacktalley.com
Phone: (704) 377-2500
Fax: (704) 372-2619
***LR 83.1 Counsel for Defendants 3M
Company & Kraft Foods, Global, Inc.***

_/s/  Patrick A. Genzler_
Patrick A. Genzler
NC State Bar No. 23737
Vandeventer Black LLP
101 West Main St.
500 World Trade Center
Norfolk, VA 23510
Phone: (757) 446-8600
pgenzler@vanblk.com

and

Norman W. Shearin
NC State Bar No. 3956
Vandeventer Black LLP
P.O. Box 2599
Raleigh, NC 27602-2599
Phone: (919) 754-1171
nshearin@vanblk.com
***Attorneys for Defendant Cape Hatteras Electric
Membership Corporation***

Troutman Sanders LLP

*/s/   Gavin B. Parsons*
Gavin B. Parsons
NC State Bar No. 28013
Post Office Drawer 1389
Raleigh, NC 27602
Phone: (919) 835-4107
Fax: (919) 829-8715
Gavin.parsons@troutmansanders.com

and

Daniel S. Reinhardt
GA State Bar No. 600350
Hollister A. Hill
GA State Bar No. 003910
Jeffrey J. Hayward
GA State Bar No. 159051
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone: (404) 885-3084
Fax: (404) 962-6679
Daniel.reinhardt@troutmansanders.com
Hollister.hill@troutmansanders.com
Jeff.hayward@troutmansanders.com
***Attorneys for Georgia Power Company,
individually and as successor-in-interest
to Savannah Electric and Power
Company***

*/s/   Andrea L. Rimer*
Andrea L. Rimer
GA State Bar No. 605735
600 Peachtree St., NE, Suite 5200
Atlanta, GA 30308-2216
Phone: (404) 885-3265
Fax: (404) 962-6669
andrea.rimer@troutmansanders.com
***Attorneys for Virginia Electric and Power
Company***

and

*/s/   D. Kyle Deak*
Patricia P. Kerner
NC State Bar No. 13005
D. Kyle Deak
NC State Bar No. 35799
434 Fayetteville Street
Two Hannover Square, Suite 1900
Raleigh, NC 27601
Phone: (919) 835-4100
Fax: (919) 835-4101
tricia.kerner@troutmansanders.com
kyle.deak@troutmansanders.com
***LR 83.1 Counsel for Virginia Electric and Power
Company***

*/s/   Jacob H. Wellman*
Henry W. Gorham
NC State Bar No: 6174
Jacob H. Wellman
N.C. State Bar No.: 28853
Teague Campbell Dennis & Gorham LLP
P.O. Box 19207
Raleigh, NC 27619-9207
Phone: (919) 873-0166
hgorham@tcdg.com
jwellman@tcdg.com
***Attorneys for Defendant Royal Street Junk
Company, Inc.***

16

/s/  *Joseph P. Williams*
Joseph P. Williams
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Phone: (860) 251-5000
Fax: (860) 251-5318
jwilliams@goodwin.com
Connecticut Juris No. 57385
***Attorney for Defendant Bonner Electric, Inc.***

and

/s/  *H. Clay Hodges*
H. Clay Hodges, NCSB #29270
Harris, Winfield, Sarratt & Hodges, LLP
1620 Hillsborough Street
Suite 200
Raleigh, NC 27605
Phone: (919) 546-8788
chodges@harriswinfield.com
***LR 83.1 Counsel for Bonner Electric, Inc.***

/s/  *R. Steven DeGeorge*
R. Steven DeGeorge
Robinson, Bradshaw & Hinson, PA
101 North Tryon Street
Suite 1900
Charlotte, NC 28246-1900
sdegeorge@rbh.com
***Attorneys for Bruce-Merrilees Electric Co., Conoco Phillips Company, Monongahela Power Co., CBS Corporation, West Penn Power Co.***

/s/  *Carson Carmichael*
Carson Carmichael
NC State Bar #9734
David S. Coats
NC State Bar #16162
Bailey & Dixon, LLP
P.O. Box 1351
Raleigh, NC 27602
Phone: (919) 828-0731
Fax: (919) 828-6592

and

Dennis J. Conniff
Kentucky State Bar #14150
Amy D. Cubbage
Kentucky Bar #86902
Frost Brown Todd LLC
400 West Market St., 32nd Floor
Louisville, Kentucky 40202
Phone: (502) 589-5400
Fax: (502) 581-1087
dconniff@fbtlaw.com
acubbage@fbtlaw.com
***Attorneys for East Kentucky Power Cooperative, Inc.***

17

_/s/    Nicholas J. Voelker_
Nicholas J. Voelker, NC Bar No. 35841
Bradley Arant Boult Cummings, LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 332.8842
Fax: (704) 332.8858
nvoelker@babc.com
***LR 83.1 Counsel City of Huntsville d/b/a
Huntsville Utilities***

and
  _/s/    Benjamin L. McArthur_

Benjamin L. McArthur
AL State Bart No. ASB-1049-B61M


_/s/ E. Cutter Hughes_
E. Cutter Hughes
AL State Bar No. ASB-2272-E67E
Bradley Arant Boult Cummings LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Phone: 256.517.5100
Fax: 256.517.5200
bmcarthur@babc.com
chughes@babc.com
***LR 83.1 Special Counsel for City of
Huntsville d/b/a Huntsville Utilities***

_/s/    Joel Herz_
Joel L. Herz
AZ State Bar No. 015105
Law Offices of Joel L. Herz
3573 East Sunrise Drive, Suite 215
Tucson, AZ 85718
Phone: (520) 529-8080
Fax: (520) 529-8077
joel@joelherz.com
***Attorney by Special Appearance for Defendant
NL Industries, Inc.***

and

  _/s/ Paul Klein_
Paul Klein
NC State Bar No. 18636
Klein &
Freeman, PLLC
4521 Sharon Road, Suite 150
P.O. Box 221648
Charlotte, NC 28222-1648
Phone: (704) 442-0660
Fax: (704) 364-2295
paulklein@kleinfreeman.com
LR 83.1 Counsel
***Attorney for Defendant NL Industries, Inc.***

18

_/s/ Susan H. Briggs_
Susan H. Briggs
NC State Bar No.
Dickie, McCamey & Chilcote, P.C.
2115 Rexford Road, Suite 210
Charlotte, NC 28211
Phone: 704.998.5184
sbriggs@dmclaw.com

and

_/s/ Peter T. Stinson_
Peter T. Stinson, Esquire
P.A.I.D. No.: 39044
Dickie McCamey & Chilcote, PC
Two PPG Place, Suite 400
Pittsburg, PA 15222-5402
Phone: 412.392.5432
pstinson@dmclaw.com
**_Attorneys for Carlisle Syntec Incorporated and PPG Industries, Inc._**

_/s/ Kurt J. Olson_
Kurt J. Olson
Law Office of Kurt J. Olson, PLLC
3737 Glenwood Avenue, Suite 100
Raleigh, NC 27612
Phone: 919-573-6172
Fax: 919-573-6173
kurt.j.olson@gmail.com
**_Attorney for Arkema, Inc., BASF Corp., Stauffer management Co. on behalf of Bayer CropScience, Inc., CSX Residual Co., Duquense Light Co., Sara Lee Corp., Chemical Products, Corp., Sumter Electric Cooperative, Inc., Mid American Energy Co., Norfolk Southern Railway Co., Haines & Kibblehouse, Inc., South Central Power Co., General Extrusions, Inc., Cooper Tire and Rubber Co., American Skiing Co., Appalachian Power Co., Kingsport Power Co., International Paper Co., Kobe Copper Products, Inc., Environmental Protection Services, Inc., Jessop Steel, LLC, Foremost Electric and Transmission, Inc., Holladay Property Services, Midwest, Inc. (aka Holladay Corp.), Erachem Comilog_**

19

 /s/ Eric H. Cottrell
**Eric H. Cottrell**
Mayer Brown LLP
214 North Tryon St.
Suite 3800
Charlotte, NC 28202
704-444-3500
Fax: 704-377-2033
Email: ecottrell@mayerbrown.com
Email: jhahn@mayerbrown.com
*Attorney for Defendant Frontier*
*Communications Corp., f/k/a Citizens*
*Communications Company*

-

 /s/ Ronald E. Cardwell
Ronald E. Cardwell
NC State Bar No. 17027
McNair Law Firm, P.A.
104 South Main St., Suite 700
P.O. Box 447
Greenville, SC 29602
Phone: (864) 271-4940
Fax: (864) 271-4015
rcardwell@mcnair.net

and

Lee W. Zimmerman
Ethan R. Ware
McNair Law Firm, P.A.
1301 Gervais St., 17th Floor
P.O. Box 11390
Columbia, SC 29211
Phone: (803) 799-9800
Fax: (803) 753-3219
lzimmerman@mcnair.net
eware@mcnair.net
*Attorneys for Furman University, Intertape*
*Polymer Group, Lafarge Mid-Atlantic*

20

/s/ Gregory J. Lucht
Kevin D. Margolis, OHSB #0042043
Gregory J. Lucht, OHSB #0075045
Benesch, Friedlander, Coplan & Aronoff,
LLP
200 Public Square, Ste. 2300
Cleveland, OH 44114-2378
Phone: (216) 363-4511
Fax: (216) 363-4588
kmargolis@beneschlaw.com
glucht@beneschlaw.com
*Attorneys for Defendant Green Circle*
*Growers, Inc.*

and

/s/ Steven K. McCallister
Kieran J. Shanahan, NCSB #13329
Steven K. McCallister, NCSB #25532
Shanahan Law Group, PLLC
128 E. Hargett Street, Third Floor
Raleigh, NC 27601
Phone: (919) 856-9494
Fax: (919) 856-9499
kieran@shanahanlawgroup.com
smccallister@shanahanalawgroup.com
*LR 83.1 Counsel for Defendant Green*
*Circle Growers, Inc.*

/s/ Herman L. Fussell
Herman L. Fussell, Georgia SB #281100
Shapiro Fussell Wedge & Martin, LLP
One Midtown Plaza, Suite 1200
1360 Peachtree St.
Atlanta, GA 30309
Phone: (404) 870-2201
Fax: (404) 870-2213
*Attorney for Defendant Cleveland Electric Co.*

and

/s/ Brian J. Schoolman
Brian J. Schoolman, NCSB #26266
Safran Law Offices
120 South Boylan Avenue (27603)
Post Office Box 587
Raleigh, North Carolina 27602-0587
Phone: (919) 828-1396
Fax: (919) 828-7993
*LR 83.1 Counsel for Defendant Cleveland*
*Electric Company*

_____ /s/ Timothy J. Bergere_____
Timothy J. Bergere
Pennsylvania Attorney I.D. No. 39110
Montgomery McCracken
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109-1030
Phone: (215) 772-1500
Fax: (215) 772-7620
tbergere@mmwr.com
**Attorneys by Special Appearance for Defendant Carr & Duff, Inc.**

and
_____ /s/ Mason Avrigian, Jr._____
Mason Avrigian, Jr.
Pennsylvania Attorney I.D. No. 51647
Jeffrey P. Wallack
Pennsylvania Attorney I.D. No. 69112
Wisler Pearlstine, LLP
484 Norristown Road, Suite 100
Blue Bell, PA 19422-2326
Phone: (610) 825-8400
Fax: (610) 828-4887
mavrigian@wispearl.com
jwallack@wispearl.com
**Attorneys by Special Appearance for Defendant Carr & Duff, Inc.**
and

_____ /s/ E. Hardy Lewis_____
E. Hardy Lewis
NC Bar No. 18282
Blanchard, Miller, Lewis & Styers, P.A.
1117 Hillsborough Street
Raleigh, NC 27603
Phone: (919) 747-8107
Fax: (919) 755-3994
hlewis@bmslaw.com
**Local Rule 83.1 Counsel for Defendant Carr & Duff, Inc.**

_____ /s/ Donald H. Beskind_____
Donald H. Beskind
NC State Bar No. 8138
beskind@nctrial.com

_____ /s/ Jesse H. Rigsby, IV_____
Jesse H. Rigsby, IV
NC State Bar No. 35538
rigsby@nctrial.com
Twiggs Beskind Strickland & Rabenau, PA
Wachovia Capital Center
150 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone: (919) 828-4357
Fax: (919) 833-7924
**LR 83.1 Counsel Defendant Union Electric Company**
and
_____ /s/ Joseph F. Madonia_____
Joseph F. Madonia
IL State Bar No. 6190852
madonia@wildman.com

_____ /s/ Meghan M. Hubbard_____
Meghan M. Hubbard
IL State Bar No. 6275155
hubbard@wildman.com
Wildman, Harrold, Allen & Dixon, LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: (312) 201-2810
Fax: (312) 201-2555
**Attorneys for Union Electric Company**

22

/s/ Joel A. Kramer
Joel A. Kramer
District of Maryland Bar No.: 04224
14501 Sweitzer Lane, 12th Floor
Laurel, MD 20707
Phone: (301) 206-8159
Fax: (301) 206-8157
jkramer@wsscwater.com
**Attorney for Defendant Washington
Suburban Sanitary Commission**

/s/ John A. Sheehan
John A. Sheehan
Hunton & Williams, LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 955-1939
jsheehan@hunton.com
**Attorney for Defendants Alcoa, Inc. &
Tredegar Film Products Corporation**

/s/ William H. Harkins, Jr.
William H. Harkins, Jr.
Millberg Gordon Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, NC 27604
wharkins@mgsattorneys.com

**Attorney for Defendant Caterpillar Inc.**

/s/ Marc J. Wojciechowski
Marc J. Wojciechowski
TX State Bar No. 21844600
Wojciechowski & Associates, P.C.
17447 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1955
marc@wojolaw.com
**Attorneys for Defendant Ventech Equipment, Inc.**

/s/ Scott Brown
Scott Brown
Brown, Crump, Vanore & Tierney, LLP
421 Fayettevile Street, Suite 1601
Raleigh, North Carolina 27601
Phone: (919) 835-0909
Fax: (919) 835-0915
SBrown@bcvtlaw.com
**L.R. 83.1 Counsel for Defendant Ventech
Equipment, Inc.**

/s/ *William A. White*
William A. White
NC State Bar No. 21484
Moore & Van Allen, PLLC
100 North Tryon St., Suite 4700
Charlotte, NC 28282-4003
Phone: (704) 331-1098
Fax: (704) 378-2098
billwhite@mvalaw.com

/s/ *David E. Fox*
David E. Fox (N.C. Bar No. 10332)
Michael J. Byrne (N.C. Bar No. 23577)
Moore & Van Allen, PLLC
P.O. Box 13706
Research Triangle Park, NC 27709
Phone: (919) 286-8000
Fax: (919) 286-8199
davidfox@mvalaw.com
michaelbyrne@mvalaw.com
***Attorneys for Defendants Martin Marietta
Materials, Inc.; Nucor Corp.; Town of
Blackstone, Virginia; City of Dover,
Delaware; Wartburg College***

/s/ *Zackary D. Knaub*
Stephen L. Gordon
Zackary D. Knaub
Beveridge & Diamond, PC
477 Madison Ave., 15th Floor
New York, NY 10022-5802
Phone: (212) 702-5400
zknaub@bdlaw.com

/s/ *David E. Fox*
David E. Fox
430 Davis Drive
Suite 500
Morrisville, NC 27560-6832
davidfox@mvalaw.com

***Attorneys for Defendant Cogentrix Energy, LLC***

/s/ Robert O. Renbarger
Robert O. Renbarger
TX State Bar No. 16768100
Fritz, Byrne, Head & Harrison, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, TX 78701
Phone: (512) 476-2020
Fax: (512) 477-5267
bob@fbhh.com
**Attorney by Special Apperance for**
**Defendant CHRISTUS Health Northern**
**Louisiana**

/s/ Curtis L. Bentz
Curtis L. Bentz
NC State Bar No. 19733
Battle, Winslow, Scott & Wiley, PA
2343 Professional Drive
P.O. Box 7100
Rocky Mount, NC 27804-0100
Phone: (252) 937-2200
Fax: (252) 937-8100
cbentz@bwsw.com
**LR 83.1 Counsel for Defendant**
**CHRISTUS Health Northern Louisiana**

/s/ Bret W. Jedele
Bret W. Jedele
RI State Bar No. 6053
Chace, Ruttenberg & Freeman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 503-6411
Fax: (401) 503-6411
bjedele@crfllp.com
**Attorneys for Defendant Jet Electric Motor**
**Company, Inc.**

/s/ James F. Hopf
James F. Hopf
NC State Bar No. 13551
Hopf & Highley, P.A.
1694 E. Arlington Blvd., Suite E
Greenville, NC 27858
Phone: (252) 756-1883
Fax: (252) 756-1797
jim@hopfhighley.com
**LR 83.1 Counsel for Defendant Jet Electric**
**Company, Inc.**

Wyrick Robbins Yates & Ponton, LLP

_/s/ Grady L. Shields_
Grady L. Shields
NC State Bar No. 13101
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607-7506
Phone: (919) 781-4000
Fax: (919) 781-4865
gshields@wyrick.com
***LR 83.1 Special Counsel for Defendant***
***Koch Industries***

Lathrop & Gage, LLP

_/s/ Jessica E. Merrigan_
Jessica E. Merrigan
MO State Bar No. 54982
Thomas A. Ryan
MO State Bar No. 32437
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108
Phone: (816) 460-5706
Fax: (816) 292-2001
jmerrigan@lathropgage.com
tryan@lathropgage.com
***Attorneys by Special Appearance for***
***Defendant Koch Industries***

_/s/ David J. Mazza_
David J. Mazza
NC State Bar No. 26082
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Phone: (336) 728-7031
dmazza@wcsr.com
***Attorney for Defendant Veolia***
***Environmental Services Waste-to-Energy***
***f/k/a Montenay Power Corporation***

Troutman Sanders LLP

_/s/ Gavin B. Parsons_
Gavin B. Parsons
NC State Bar No. 28013
Post Office Drawer 1389
Raleigh, NC 27602
Phone: (919) 835-4107
Fax: (919) 829-8715
Gavin.parsons@troutmansanders.com

Daniel S. Reinhardt
GA State Bar No. 600350
Hollister A. Hill
GA State Bar No. 003910
Jeffrey J. Hayward
GA State Bar No. 159051
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone: (404) 885-3084
Fax: (404) 962-6679
Daniel.reinhardt@troutmansanders.com
Hollister.hill@troutmansanders.com
Jeff.hayward@troutmansanders.com
***Attorneys for Georgia Power Company,***
***individually and as successor-in-interest to***
***Savannah Electric and Power Company***
_/s/ Scott Lewis_
Scott Lewis
NC State Bar No. 22167
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P.
1838 sir Tyler Drive, Suite 200
Wilmington, NC 28405
Phone: (910) 509-9664
Fax: (910) 509-9630
slewis@hedrickgardner.com
***Attorney for Defendant Dean's Light Box, Inc.***

Poyner Spruill, LLP

/s/ Keith H. Johnson
Andrew H. Erteschik
Keith H. Johnson
NC State Bar No. 177885
Andrew H. Erteschik
NC State Bar No. 35269
Poyner Spruill, LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Phone: (919) 783-1013
Fax: (919) 783-1075
aerteschik@poynerspruill.com
kjohnson@poynerspruill.com
**Attorneys for Defendants Town of
Louisburg and Peace College of Raleigh,
Inc.**

/s/ Charles K. Douthwaite
Charles K. Douthwaite
WA State Bar No. 9246
P.O. Box 9777
Federal Way, WA 98063-9777
Phone: (253) 924-2803
Fax: (253) 928-2184
Charlie.douthwaite@weyerhaeuser.com
**Attorneys for Defendant Weyerhaeuser Company**

/s/ Scott C. Hart
Scott C. Hart
NC State Bar No. 1906
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
Post Office Drawer 889
New Bern, NC 28563
Phone: (252) 633-3131
Fax: (252) 633-3507
shart@nclawyers.com
**LR 83.1 Counsel for Defendant Weyerhaeuser
Company**

_/s/ Joan W. Hartley_
Marcus A. Manos
NC State Bar No. 21783
Joan Walsh Hartley
NC State Bar No. 36361
Nexsen Pruet, LLC
1230 Main Street, Suite 700
P.O. Box 2426
Columbia, SC 29201
Phone: (803) 771-8900
mmanos@nexsenpruet.com
jhartley@nexsenpruet.com
tlavender@nexsenpruet.com

Russell S. Warner
Marissa A. Savastana
MacDonald, Illig, Jones & Britton, LLP
100 State Street, Suite 700
Erie, PA 16507-1459
msavastana@mijb.com
rwarner@mijb.com
Phone: (814) 870-7600
**_Attorneys for Defendant Warren Electric
Cooperative_**

_/s/ Joan W. Hartley_
Marcus A. Manos
NC State Bar No. 21783
Joan Walsh Hartley
NC State Bar No. 36361
T. Lavender, Jr.
S.C. State Bar No. 3143
Nexsen Pruet, LLC
1230 Main Street, Suite 700
P.O. Box 2426
Columbia, SC 29201
Phone: (803) 771-8900
mmanos@nexsenpruet.com
jhartley@nexsenpruet.com
tlavender@nexsenpruet.com

Cynthia M. Currin
NC State Bar No. 9184
Crisp, Page & Currin, LLP
4010 Barrett Drive, Suite 205
Raleigh, NC 27609
Phone: (919) 791-0009
ccurrin@cpclaw.com
**_Attorneys for Defendant Bedford Rural Electric
Cooperative, Inc._**

Case 5:08-cv-00463-FL   Document 159   Filed 03/05/15   Page 34 of 46

_/s/ Joan Wash Hartley_
Marcus A. Manos
NC State Bar No. 21783
Joan Walsh Hartley
NC State Bar No. 36361
William T. Lavender, Jr.
S.C. State Bar No. 3143
Nexsen Pruet, LLC
1230 Main Street, Suite 700
P.O. Box 2426
Columbia, SC 29201
Phone: (803) 771-8900
mmanos@nexsenpruet.com
jhartley@nexsenpruet.com
tlavender@nexsenpruet.com
***Attorneys for Defendants Greenwood
Mills, Inc., Palmetto Electric Cooperative,
Inc., and Santee Electric Cooperative,
Inc.***

_/s/ Joan W. Hartley_
Marcus A. Manos
NC State Bar No. 21783
Joan Walsh Hartley
NC State Bar No. 36361
William T. Lavender, Jr.
S.C. State Bar No. 3143
Nexsen Pruet, LLC
1230 Main Street, Suite 700
P.O. Box 2426
Columbia, SC 29201
Phone: (803) 771-8900
mmanos@nexsenpruet.com
jhartley@nexsenpruet.com
tlavender@nexsenpruet.com

David Bates
Gardere Wynne Sewell, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
Phone: (713) 276-5355
dbates@gardere.com
***Attorneys for Defendants IES Commercial, Inc.,
and Integrated Electrical Services, Inc.***

___/s/ Bonnie Allyn Barnett___
Bonnie Allyn Barnett
Joshua Kaplowitz
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Phone: (215) 988-2700
Fax: (215) 988-2757
Bonnie.barnett@dbr.com
Joshua.kaplowitz@dbr.com

___/s/ Sara W. Higgins___
Sara W. Higgins
Higgins Law Firm, PLLC
6525 Morrison Blvd., Suite 402
Charlotte, NJ 28211
Phone: (704) 366-4607
Fax: (704) 749-9451
sally@thehigginslawfirm.com
***Attorneys for Defendants PPL Electric***
***Utilities Corp, Niagara Mohawk Power***
***Corp. and Trap Rock Industries, Inc.***

___/s/ F. Bryan Brice, Jr.___
F. Bryan Brice, Jr.
NC State Bar No. 17840
Catherine W. Cralle Jones
NC State Bar No. 23733
Law Offices of F. Bryan Brice, Jr.
19 W. Hargett Street, Suite 600
Raleigh, NC 27601
Phone: (919) 754-1600
Fax: (919( 832-0301
bryan@attybryanbrice.com
cathy@attybryanbrice.com

___/s/ Ron Byrd___
Ron Byrd
Federal Bar NO. 06654
Constellation Energy Group, Inc.
100 Constellation Way, 17th Floor
Baltimore, MD 21202
Phone: (410) 470-5692
Fax: (443) 213-3682
***Attorneys for Defendant Baltimore Gas &***
***Electric***

___/s/ William E. Hvidsten___
William E. Hvidsten
CA Bar No. 113030
P.O. Box 13222
Sacramento, CA 95813-6000
Phone: (916) 351-8524
Fax: (916) 355-3603
William.hvidsten@gencorp.com
Attorney for Defendant Buist Electric, Inc.
Gencorp, Inc.

___/s/ Curtis L. Bentz___
Curtis L. Bentz
NC State Bar No. 19733
Battle, Winslow, Scott & Wiley, P.A.
P.O. Box 7100
Rocky Mount, NC 27804
Phone: (252) 937-2200
Fax: (252) 937-8100
cbentz@bwsw.com
***LR 83.1 Counsel for Defendant Buist Electric,***
***Inc.***

___/s/ F. Bryan Brice, Jr.___
F. Bryan Brice, Jr.
NC State Bar No. 17840
Catherine W. Cralle Jones
NC State Bar No. 23733
Law Offices of F. Bryan Brice, Jr.
19 W. Hargett Street, Suite 600
Raleigh, NC 27601
Phone: (919) 754-1600
Fax: (919( 832-0301
bryan@attybryanbrice.com
cathy@attybryanbrice.com

***Attorneys for Defendant Hudson Light & Power***

30

___/s/ Ben L. Pfefferle III___
Ben L. Pfefferle III
OH State Bar No. 0024297
Gregory R. Flax
OH State Bar No. 0081206
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, OH 43215
Phone: (614) 462-2601
Fax: (614) 462-2616
bpfefferle@bakerlaw.com
gflax@bakerlaw.com
***Special Apperance Counsel for Defendant
Guernsey-Muskingum Electric
Cooperative, Inc.***

___/s/ Julia Mimms___
Julia G. Mimms
NC State Bar No. 27978
1001 Elizabeth Avenue, Suite 1A
Charlotte, NC 28204
Phone: (704) 333-1301
Fax: (704) 333-1290
jgmassistant@bellsouth.net

___/s/ Robert S. Adden, Jr.___
Robert S. Adden, Jr.
NC State Bar No. 10223
Ruff, Bond, Cobb, Wade & Bethune, LLP
831 East Morehead Street, Suite 860
Charlotte, NC 28202
Phone: (704) 377-1634
Fax: (704) 342-3308
radden@rbcwb.com
***LR 83.1 Counsel for Defendant Pactiv
Corporation***

Reott Law Offices, LLC

___/s/ Raymond T. Reott___
Raymond T. Reott
IL State Bar No. 3128141

___/s/ Becky J. Schanz___
Becky J. Schanz
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
Phone: (312) 332-7544
Fax: (312) 782-4519
rreott@reottlaw.com
***Attorneys for Defendant Pactiv Corporation***

___/s/ Jeffrey H. Weir II___
Jeffrey H. Weir III, Esquire
OH State Bar No. 0067470
Colella & Weir, P.L.L.
6055 Park Square Drive
Lorain, OH 44053
Phone: (440) 988-9013
Fax: (440) 988-9002
jhweir@cnwlaw.com
***Attorney for Defendant P.C. Campana,
Inc.***

/s/Stanley B. Green
N.C. Bar # 25539
Strauch Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, NC 27101
Phone: (336)-837-1064
Fax: (336)-725-8867
Email: sgreen@sfandglaw.com
***Attorneys for Duke Energy Carolinas LLC***

31

RIKER DANZIG SCHERER HYLAND
PERRETTI LLP

*/s/ Stephen W. Smithson*
Stephen W. Smithson
New Jersey Bar No. 66224
Jeffrey B. Wagenbach
New Jersey Bar No. 34540
One Speedwell Avenue
Morristown, NJ 07962-1981
Phone: (973) 538-0800
Fax: (973) 538-1984
ssmithson@riker.com

MARTIN & GIFFORD, PLLC

*/s/ William H. Gifford, Jr.*
William H. Gifford, Jr.
N.C. State Bar No. 25175
301 North Main Street, Suite 2200
Winston-Salem, NC 27101
Phone: 336-714-0333
Fax: 336-714-0334
bill@martingiffordlaw.com
LR 83.1 Counsel

**Attorneys for Defendant,**
**G&S Motor Equipment Company, Inc**

*/s/ Benjamin F. Sidbury*
Benjamin F. Sidbury
NC State Bar No. 28071
Anthony B. Taylor
NC State Bar No. 37220
Alston & Bird LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
ben.sidbury@alston.com
tony.taylor@alston.com

**LR 83.1(d) Counsel**

*/s/ Benjamin F. Sidbury*
Benjamin F. Sidbury
NC State Bar No. 28071
Anthony B. Taylor
NC State Bar No. 37220
Alston & Bird LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
ben.sidbury@alston.com
tony.taylor@alston.com

**LR 83.1(d) Counsel**

Douglas S. Arnold
GA State Bar No. 023208
Kristin Holloway Jones
GA Bar No. 041154
Alston & Bird LLP
One Atlantic Center
2302 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777
Doug.arnold@alston.com
Kristin.jones@alston.com
**LR 83.1(e) Counsel**

**Attorneys for Defendants ECC International,**
**Inc.; Tennessee Electro Minerals, Inc.; Union**
**Carbide Corp.; and Vulcan Construction**
**Materials, L.P.**
*/s/ Benjamin F. Sidbury*
Benjamin F. Sidbury
NC State Bar No. 28071
Anthony B. Taylor
NC State Bar No. 37220
Alston & Bird LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
ben.sidbury@alston.com
tony.taylor@alston.com

**LR 83.1(d) Counsel**

Robert D. Mowrey
GA State Bar No. 527510
Kristin Holloway Jones
GA Bar No. 041154
Alston & Bird LLP
One Atlantic Center
2302 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777
Bob.mowrey@alston.com
Kristin.jones@alston.com
*LR 83.1(e) Counsel*

Chalres S. Conerly
GA State Bar No. 180720
Smith Diment Conerly, LLP
402 Newnan Street
Carrollton, GA 30117
Phone: (770) 834-1160
Fax: (770) 834-1190
cconerly@smithdiment.com
*LR 83.1(e) Counsel*

Henry C. Tharpe, Jr.
GA State Bar No. 703250
Sponcler & Tharpe, LLC
P.O. Box 398
225 W. King St.
Dalton, GA 307222-0398
Phone: (706) 278-5211
Fax: (706) 270-9438
hctharpe@sponclerandtharpe.com
*LR 83.1(e) Counsel*

***Attorneys for Defendant for North Georgia Electric Membership Corporation***

Robert D. Mowrey
GA State Bar No. 527510
Kristin Holloway Jones
GA Bar No. 041154
Alston & Bird LLP
One Atlantic Center
2302 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777
Bob.mowrey@alston.com
Kristin.jones@alston.com
*LR 83.1(e) Counsel*

***Attorneys for Defendant Northrop Grumman Shipbuilding, Inc.***

33

/s/ John W. Kalich
A. Bruce White
IL Bar No. 2999102
John W. Kalich
IL Bar No. 6193109
Karaganis, White & Magel, Ltd
414 N. Orleans Street, Suite 810
Chicago, IL 60054-4459
Phone: (312) 836-1177
Fax: (312) 836-9083
bwhite@k-w.com
jkalich@k-w.com

**Attorneys by Special Appearance for
Defendant Alcan Primary Products
Corporation**

/s/ Joshua H. Bennett
Richard V. Bennett
NC State Bar No. 6028
Joshua H. Bennett
NC State Bar No. 32576
Bennett & Guthrie, PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103
Phone: (336) 765-3121
Fax: (336) 765-8622
rbennett@bennett-guthrie.com
jbennett@bennett-guthrie.com
**Attorneys for Defendant Alcan Primary
Products Corporation**

/s/ Debora S. Lasch
Debora S. Lasch
State Bar No. 0040441
Singerman, Mills, Desberg & Kauntz cO., L.P.A.
3401 Enterprise Parkway, Suite 200
Beachwood, Ohio 44122
Phone: (216) 292-5807
Fax: (216) 292-5867
dlasch@smdklaw.com
**Attorney for Defendant International Power
Machinery Company**

/s/ Sean M. Sullivan
Sean M. Sullivan
State Bar No. 38957
Williams Mullen
3200 Beechleaf Court, Suite 500
Raleigh, North Carolina 27604
Phone: (919) 981-4312
Fax: (919) 981-4300
Email: ssullivan@williamsmullen.com
**L.R. 83.1 Counsel Defendant International Power
Machinery Company**

Case 5:08-cv-00463-FL Document 159 Filed 03/05/15 Page 40 of 46

/s/Bradley M. Risinger
Bradley M. Risinger
NC State Bar No. 23629
Smith Moore Leatherwood, LLP
434
Fayetteville Street, Suite 2800 (27601)
P.O. Box 27525
Raleigh, NC 27611
Phone: (919) 755-8700
Fax: (919) 755-8800
brad.risinger@smithmoorelaw.com
*Attorney for Defendants Apogee Coal
Company, LLC and Lockwood's Electric
Motor Service, Inc.*

/s/ Dennis Reis
Dennis Reis
WI Bar No. 1005696
Briggs and Morgan, P.A.
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 977-8877
Fax: (612) 977-8650
dreis@briggs.com

Mary Maclean D. Asbill
N.C. Bar No. 38936
2818 Exeter Circle
Raleigh, N.C. 27609
Phone: (919) 389-2636
Fax: (919) 510-6178
mmasbill@gmail.com

L.R. 83.1 Counsel
*Attorneys for Domtar Paper Company, LLC*

/s/ John J. Butler
John J. Butler
N.C. Bar No. 10820
Parker Poe Adams & Bernstein, LLP
150 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602
Phone: (919) 828-0564
Fax: (919) 834-4564
jaybutler@parkerpoe.com
*Attorney for New Southern Rocky Mount,
Inc.*

EXHIBIT A

CONFIDENTIALITY AGREEMENT

36

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY<br>d/b/a PROGRESS ENERGY CAROLINAS, INC.,<br>        Plaintiff,<br>v.<br><br>3 M COMPANY, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 5:08-CV-00460-FL |
| CONSOLIDATION COAL COMPANY,<br><br>        Plaintiff,<br>v.<br><br>3 M COMPANY, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 5:08-CV-00463-FL |

## CONFIDENTIALITY AGREEMENT

I, _____, under penalty of perjury, do declare, depose and state as

follows:

1.    I have read and understand the CONSENT PROTECTIVE ORDER AND

STIPULATION OF CONFIDENTIALITY ("Protective Order") entered by the Court in this

case.

2.    I understand that access to information designated "Confidential" or "Confidential

– Attorney's Eyes Only" subject to the Protective Order may be provided to me subject to the

terms of said Protective Order.

3.    I agree to be bound by the terms and conditions of said Protective Order.

4.    I hereby submit to the jurisdiction of the U.S. District Court for the Eastern

District of North Carolina for the purpose of enforcement of the Protective Order.

1

5.      I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information designated in accordance with the Protective Order.  I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding violations of the same.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____, 201__.**


Signature:      _____

Name:           _____

Address:        _____

                _____

                _____

Party or Entity
Represented:    _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Civil Action No.: 5:08-CV-00460-FL**

| | |
|---|---|
| DUKE ENERGY PROGRESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**Civil Action No.: 5:08-CV-00463-FL**

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pursuant to the parties' September 30, 2013 Joint Motion for Entry of Protective Order,

IT IS HEREBY ORDERED that the Consent Protective Order and Stipulation of Confidentiality

entered August 5, 2010 (460 DE 349; 463 DE 352) (attached hereto as Exhibit A) and the

Consent Protective Order Governing Access to Documents entered September 14, 2010 (460 DE

465; 463 DE 463) (attached hereto as Exhibit B) are hereby extended to apply to all Third-Party

Defendants, in addition to all original parties. In addition, the contact information for the Ward

Transformer Site Trust in the Consent Protective Order Governing Access to Documents is

amended as follows:

Ward Transformer Site Trust
c/o Cheryl Bona
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
P.O. Box 2611
Raleigh, NC 27602-2611
cbona@smithlaw.com

SO ORDERED, this the 30th day of  September  , 2013.

Honorable Louise W. Flanagan
U.S. District Court Judge