IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DUKE PROGRESS ENERGY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3M COMPANY et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | No. 5:08-CV-460-FL |
| CONSOLIDATION COAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3M COMPANY et al., ) <br> ) <br> Defendants. ) | No. 5:08-CV-463-FL |

**ORDER**

These consolidated cases[1] come before the court on the joint motion (D.E. 1663 (No. 460 case); D.E. 1654 (No. 463 case)) of plaintiffs Consolidation Coal Company and Duke Energy Progress, LLC and third-party plaintiff PCS Phosphate Company, Inc.; defendants Bruce-Merrilees Electric Company, ConocoPhillips Company, Monongahela Power Company, CBS Corporation, West Penn Power Company, and Alcan Primary Products Corporation; and third-

---

[1] Case number 5:08-CV-460-FL is the lead case number for three consolidated actions brought by plaintiff Duke Energy Progress, LLC (*see* 18 Aug. 2009 Minute Entry (D.E. 91) (consolidating cases)) and is referred to herein as "No. 460." Case number 5:08-CV-463-FL is the lead case number for three consolidated actions brought by plaintiff Consolidation Coal Company (*see id*.) and is referred to herein as "No. 463." The parties' respective filings related to the motions to be excused are identical in both the No. 460 and No. 463 cases.

party defendants Mass. Electric Construction Co. and J.C. Blair Memorial Hospital (collectively "movants") to allow stipulations of dismissal to be signed only by plaintiffs or third-party plaintiff and the defendant or third-party defendant being dismissed. No party has filed a response to the motion, and the time within which to do so has expired. The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* 2d Docket Entry dated 26 Aug. 2015 (in both 460 and 463 cases)).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all the parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1)(A)(ii). Movants contend that to require the stipulation of dismissal of a particular defendant or third-party defendant to be signed by other than the settling parties would require a significant expenditure of time and effort and prevent the stipulations of dismissal from being filed in a prompt and efficient manner because of the large number of parties that have appeared in these cases. For the same reason, they contend that the alternative of dismissal by order under Rule 41(a)(2) would be inefficient for the parties as well as the court. Movants propose to satisfy the signature requirement of Rule 41(a)(1)(A)(ii) by providing a seven-day period for any objections to a stipulation of dismissal. In other words, they contend that the seven-day objection period for the parties not subject to a particular dismissal would be sufficient, along with the signatures of the settling parties, to establish whether all parties consent to the dismissal.

In *Camacho v. Mancuso*, 53 F.3d 48 (4th Cir. 1995), the Fourth Circuit was confronted with a dismissal that had been signed by the plaintiff but none of the defendants. The court held that "the requirements of Rule 41(a)(1)[(A)](ii) are not met when only one party signs and files a

notice of dismissal." *Camacho*, 53 F.3d at 53. The Fourth Circuit explained that "Rule 41's procedural hurdles safeguard . . . the defendant's interest in the cause of action and the court's interest in judicial efficiency." *Id*. at 51. In particular, the signature requirement serves to: preclude a plaintiff from dismissing a case without the defendant's consent; provide notice to the court that all parties consent to the dismissal, thereby eliminating the need for the court to inquire into the status of every inactive case; and aid application of *res judicata* in the event of further litigation arising from the same transaction because entry of the dismissal on the docket provides documentation of precisely when the claims are terminated. *Id.* at 51-52. The absence of a signature of any of the defendants in *Camacho* frustrated these objectives.

In contrast, the seven-day objection period proposed by the movants would comport with them. The objection period would also promote efficiency, as the movants contend, by avoiding the effort and delay that would result from requiring the parties not subject to the stipulation of dismissal to sign it or to pursue the alternative of an order of dismissal.

The court concludes that the seven-day objection period is an adequate surrogate for the signatures of the parties not subject to a stipulation of dismissal. In the words of the *Camacho* court, the objection period would satisfy Rule 41(a)(1)(A)(ii)'s requirement of "tangible confirmation of the parties' agreement to dismiss." *Camacho*, 53 F.3d at 52.

The court further notes that each of the options for voluntary dismissal by a plaintiff under Rule 41(a) speaks in terms of dismissal of "an action," as opposed to dismissal of particular defendants or claims. Fed. R. Civ. P. 41(a)(1)(A) (providing for circumstances under which "the plaintiff may dismiss an *action*" without order of the court (emphasis added)); Fed. R. Civ. P. 41(a)(2) (providing that absent a dismissal under Rule 41(a)(1), "*an action* may be dismissed at the plaintiff's request only by court order" (emphasis added)). As noted by several

district courts, the Fourth Circuit Court of Appeals has not directly addressed whether dismissal of individual defendants in a multi-defendant case is proper under Rule 41(a). *See*, *e.g.*, *Fagnant v. K-Mart Corp.*, No. 4:11-CV-00302-RBH, 2013 WL 6901907, at *2 (D.S.C. 31 Dec. 2013) (noting that "the Fourth Circuit Court of Appeals has not expressly identified the proper rule governing the dismissal of individual defendants in a multiple defendant case"); *Hedrick v. E.I. du Pont de Nemours & Co.*, No. 2:12-06135, 2013 WL 2422661, at *3 (S.D.W. Va. 3 June 2013) ("Although the U.S. Court of Appeals for the Fourth Circuit appears to favor the more restrictive interpretation [of Rule 41(a)], . . . it has not addressed the question directly."). While there is a split of authority as to whether Rule 41(a) permits voluntary dismissal of fewer than all defendants, including among district courts within the Fourth Circuit, "most federal courts agree that parties may voluntarily dismiss from a case only certain defendants." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 307 F.R.D. 249, 252 (D.D.C. 2014); *see also Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) ("[W]e conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants."); *S. Bank & Trust Co. v. Laburnum Hotel Partners, LLC*, No. 2:13CV216, 2014 WL 3052535, at *5 (E.D. Va. 3 July 2014) ("A voluntary dismissal may include fewer than all defendants as long as all claims are dismissed against each affected defendant."); *Fagnant*, 2013 WL 6901907, at *2 (adopting the position that Rule 41(a) can be used to voluntarily dismiss a single defendant "in the absence of any clear dictate from the Fourth Circuit"); *Bank of New York Mellon v. Hackett*, No. CIV. JKB-11-626, 2012 WL 1922213, at *1 (D. Md. 25 May 2012) ("[T]his Court accepts the 'sounder view' [that all claims against one of several defendants can be dismissed] as a

reasonable and pragmatic interpretation of Rule 41(a)(1)." (quoting 9 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2362 (3d ed.) (noting that "the sounder view and the weight of judicial authority" would support permitting a plaintiff to dismiss one of several defendants under Rule 41(a)))); *Dee-K Enter., Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355-56 (E.D. Va. 1998) ("An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant."). The court agrees that the "sounder view" is that Rule 41(a) permits the voluntary dismissal of fewer than all defendants in an action. Such use of Rule 41(a) is certainly standard practice in this district.

## CONCLUSION

For the foregoing reasons, the joint motion (D.E. 1663 (No. 460 case); D.E. 1654 (No. 463 case)) is ALLOWED as follows:

1. Any stipulation of dismissal pertaining to an original defendant shall require only the signatures of plaintiffs Consolidation Coal Company and Duke Energy Progress, LLC and the defendant(s) subject to the stipulation.

2. Any stipulation of dismissal pertaining to a third-party defendant shall require only the signatures of third-party plaintiff PCS Phosphate Company, Inc. and the third-party defendant(s) subject to the stipulation.

3. Any party that objects to a stipulation of dismissal shall file such objection within seven days after the date the stipulation of dismissal is filed. The absence of any objection by a party to a stipulation of dismissal within the time permitted shall be deemed the party's assent to the subject dismissal, the same as if it had signed the stipulation of dismissal. The stipulation of dismissal shall be effective as of the date it was filed without further order of the court.

4. Any objections to stipulations of dismissal that were filed in these consolidated cases prior to the entry of this order shall be filed within seven days after its entry—namely, by 29 September 2015.

5. In the event that a party files an objection to a stipulation of dismissal and the plaintiffs or third-party plaintiff still seek to proceed with the dismissal, they shall promptly file a motion for dismissal under Rule 41(a)(2) or for equivalent relief.

SO ORDERED, this 22nd day of September 2015.

_____
James E. Gates
United States Magistrate Judge

6
Case 5:08-cv-00463-FL   Document 1682   Filed 09/23/15   Page 6 of 6